UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TUSHAWN CRAIG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:23-cv-01575-TWP-MJD |
| ) | |
| CORNERSTONE TRADING GROUP, LLC, et al., ) ) | |
| ) | |
| Defendants. ) | |

**ORDER REGARDING MOTION TO REMAND**

This matter is before the Court on Plaintiffs' Motion to Remand, [Dkt. 13.] For the reasons set forth below, the motion is taken under advisement pending additional briefing.

**I.     Background**

Plaintiffs filed this case in state court on behalf of all potential class members alleging that a fire which occurred at an Industrial Facility ("the Incident") and resulting injuries to class members were the result of Defendants' negligence. While Plaintiffs do not propose a formal class definition in their Amended Complaint, they describe the potential class as "current and former residents of the area surrounding Defendants' Industrial Facility." [Dkt. 1.]

On September 1, 2023, Defendant/Third Party Defendant, the City of Richmond, Indiana, filed a Notice of Removal, asserting that the Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA") of 2005. [Dkt. 1.] Plaintiffs assert in their

Motion to Remand that the requirements for removal under 28 U.S.C. § 1441(a) are not satisfied. [Dkt. 13.] Defendant argues that removal was proper.

## II.     Discussion

The CAFA permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the putative class needs to be a citizen of a state different from any one defendant. As an initial matter, the parties dispute whether Plaintiffs or Defendant bears the burden of demonstrating that minimal diversity exists. Because proving the citizenship of each party is the burden of the party claiming right to the federal forum, *Craig v. Ontario Corp.,* 543 F.3d 872, 876 (7th Cir. 2008), Plaintiffs are correct that it is Defendant's burden in this case because Defendant removed this case from state court.

### A. Individuals Who Filed Tort Claim Notices

To satisfy the requirements of the CAFA, the removing party attempting to demonstrate the existence of minimal diversity must identify at least one specific diverse class member. *Dancel v. Groupon, Inc.,* 940 F.3d 381, 386 (7th Cir. 2019). In its Notice of Removal, Defendant identifies three individuals as potential class members who are citizens of states other than Indiana: Linda Hardin, Karen Shaffer, and Lee Settles. Each of these individuals filed a tort claim notice relating to the Incident. Based upon the information contained in the tort claim notices, Defendant asserts that Linda Hardin, now deceased, was a citizen of Ohio at the time of the Incident and the time of her death, Karen Shaffer is a citizen of Michigan, and Lee Settles is a citizen of Tennessee. While these three people may be citizens of states other than Indiana, Defendant fails to show how they could be members of the putative class, since none of them appear to fall into the category of "current and former residents of the area surrounding Defendants' Industrial Facility." Further, it appears that both Karen Shaffer and Lee Settles are

asserting claims solely as the "next of kin" of Linda Hardin, not for any injury they experienced directly as a result of the Incident.

### B. Unnamed College Students

Defendant also argues that a number of out-of-state college students should be included as a basis of establishing minimal diversity due to the fact that two local colleges are in the area near the Incident and each of them has significant numbers of students who are not Indiana citizens. [*See* Dkt. 16 at 14.] Defendant states that as of Spring 2023, only 243 Indiana University East students resided on-campus and as of Fall of 2022, 73% of Earlham College undergraduate students were from out-of-state. [Dkt. 1 at 7.] Further, Indiana University East is located approximately three miles from the location of the Incident, and Earlham College is located approximately one mile from the location of the Incident. *Id*. Defendant did not provide the names of any college student. At the time of filing its Complaint, Plaintiffs did not include any college students as potential plaintiffs. Further, Plaintiffs state:

> In fact, at no point is any college student from any university listed as a potential plaintiff in the case at hand. Third-Party Defendant is attempting to improperly bolster their argument for removal with hypothetical plaintiffs.

[Dkt. 17.]

While Defendant's argument lands them no closer to demonstrating minimal diversity, as it is their burden to specifically identify at least one diverse class member, Plaintiffs' argument lands them no closer to remand. Plaintiffs have not proposed a class definition, but rather only describe the potential class as "current and former residents of the area surrounding Defendants' Industrial Facility." [Dkt. 1.] It is unclear to the Court how, without a class definition, Plaintiffs are entirely sure that not one out-of-state college student from either of the two colleges falls into "current and former residents of the area surrounding Defendants' Industrial Facility."

This case is highly analogous to the case of *Dancel v. Groupon*, where the removing party at first only "rested on its speculation that 'undoubtedly' a class member is a citizen of a state other than Illinois of Delaware." *See* 940 F.3d at 385. When asked whether it could name a specific, diverse class member during argument, the party responded that it would need discovery and requested remand to the district court for that purpose. *Id*. at 386. The Seventh Circuit gave the removing party the opportunity to conduct discovery and to "supplement the record to identify a specific, diverse class member." *Id*. at 386. In making this decision, the Seventh Circuit considered the procedure used in *Miller v. Southwest Airlines Co.,* 926 F.3d 898 (7th Cir. 2019) where it expressed doubts about the assumption that a proposed class of plaintiffs was limited only to citizens of a certain state. *See Dancel*, 940 F.3d at 386. In *Miller*, there was no need to explore diversity as there was federal question jurisdiction, but in *Dancel* where there was no alternative basis for jurisdiction, exploring whether a class member was a citizen of another state was necessary. *Id*.

Here, it is clear that Defendant has not satisfied its burden of demonstrating that minimal diversity exists. However, rather than remanding the case at this time, the Court will follow the example of *Dancel* and permit Defendant to conduct discovery in order to determine whether they can identify at least one putative class member who is not a citizen of Indiana. This discovery shall proceed immediately and may (and likely should) include an interrogatory asking Plaintiffs to provide a clear definition of the putative class.

### III.    Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand [Dkt. 13] is **taken under advisement**. On or before **March 22, 2024**, Defendant shall either file a supplemental brief that

identifies at least one diverse putative class member and provides evidence establishing their citizenship or withdraw its objection to the motion to remand.

    SO ORDERED.

Dated: 5 JAN 2024

Mark J. Dinsmore  
United States Magistrate Judge  
Southern District of Indiana

Distribution:

Service will be made electronically  
on all ECF-registered counsel of record  
via email generated by the Court's ECF system.