UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TUSHAWN CRAIG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:23-cv-01575-TWP-MJD |
| ) | |
| CORNERSTONE TRADING GROUP, LLC, et al., ) ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION REGARDING MOTION TO REMAND**

This matter is before the Court on Plaintiffs' Motion to Remand, [Dkt. 13.] On December 14, 2023, Chief Judge Tanya Walton Pratt designated the undersigned Magistrate Judge to issue a report and recommendation regarding the disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 27.] For the reasons set forth below, the Magistrate Judge recommends Plaintiffs' motion be **DENIED.**

I. **Background**

Plaintiffs filed this case in state court on behalf of all potential class members alleging that a fire which occurred at an Industrial Facility ("the Incident") and resulting injuries to class members were the result of Defendants' negligence. While Plaintiffs do not propose a formal class definition in their Amended Complaint, they describe the potential class as "current and former residents of the area surrounding Defendants' Industrial Facility." [Dkt. 1.]

On September 1, 2023, Defendant/Third Party Defendant, the City of Richmond, Indiana, filed a Notice of Removal, asserting that the Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA") of 2005. [Dkt. 1.] Plaintiffs assert in their Motion to Remand that the requirements for removal under 28 U.S.C. § 1441(a) are not satisfied.

[Dkt. 13.] Defendant argues that removal was proper. On January 5, 2024, the Undersigned took Plaintiff's motion under advisement pending additional briefing. [Dkt. 33.] That additional briefing has now been completed. *See* [Dkt. 59.]

## II. Discussion

The CAFA permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the putative class needs to be a citizen of a state or country different from any one defendant. Because proving the citizenship of each party is the burden of the party claiming a right to the federal forum, *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008), Defendant bears the burden of demonstrating that minimal diversity exists.

To satisfy the requirements of the CAFA, the removing party attempting to demonstrate the existence of minimal diversity must identify at least one specific diverse class member. *Dancel v. Groupon, Inc.,* 940 F.3d 381, 386 (7th Cir. 2019). Because Defendant had not done so, in its Order requiring additional briefing, the Undersigned instructed Defendant to "file a supplemental brief that identifies at least one diverse punitive class member and provides evidence establishing their citizenship." [Dkt. 33.] Defendant has now identified the following individuals:

(1) Felix Burgos, a visiting professor at IU East who is a citizen of Colombia;
(2) Thato Ts'olo, a student at Earlham College who is a citizen of Lisotho; and
(3) Wisdom Boinde, a student at Earlham College who is a citizen of Ghana.

[Dkt. 59 at 2.] Further, Defendant states that each of these individuals were born and raised in their respective foreign countries, have current passports for those countries, and as of the date of removal, they intended to return to their home country. *Id*. Defendant has further shown that these three individuals resided in the "area surrounding Defendants' Industrial Facility" at the

time of the Incident, and therefore they are included in the class as described in the Amended Complaint. On the date of the event,

> Thato Ts'olo and Wisdom Boinde resided at 801 National Road West in Richmond, Indiana, which is less than one mile from Defendants' Industrial Facility located at 308 NW F Street in Richmond, Indiana. Similarly, Felix Burgos resided at 333 Greenbrier Drive in Richmond, Indiana on April 11, 2023, approximately three miles from Defendants' Industrial Facility.

[Dkt. 59. at 4-5.] Accordingly, the Court finds that, as of the date of removal, these three individuals were foreign citizens and putative class members, thus satisfying the minimal diversity requirement.[1]

### III.  Conclusion

Because Defendant has satisfied its burden of identifying at least one diverse member of the putative class, the Undersigned RECOMMENDS that Plaintiffs' Motion to Remand, [Dkt. 13], be **DENIED.**

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  22 APR 2024

_Mark J. Dinsmore_
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[1] The Court notes that Defendants are citizens of Indiana.

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.