# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TUSHAWN CRAIG and<br>MARQUETTA STOKES<br><br>    Plaintiffs,<br><br>vs.<br><br>CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH; and<br>CITY OF RICHMOND, INDIANA,<br>    Defendants.<br><br>CORNERSTONE TRADING GROUP, LLC,<br>    Third Party Plaintiff,<br><br>vs.<br><br>CITY OF RICHMOND, INDIANA,<br>    Third Party Defendant.<br><br>CITY OF RICHMOND, INDIANA,<br>    Crossclaimant,<br><br>vs.<br><br>CORNERSTONE TRADING GROUP, LLC,<br>and SETH SMITH,<br>    Crossclaim Defendants. | Civil Action No. 1:23-cv-01575-TWP-MJD |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs, by their undersigned attorneys, for their Class Action Complaint against Defendants allege, upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel which are based upon knowledge as follows:

# NATURE OF ACTION

1. Plaintiffs bring this action against Defendants, Cornerstone Trading Group, LLC, Seth Smith, and the City of Richmond, Indiana. Plaintiffs' properties are located within the Richmond, Indiana, County of Wayne. Plaintiffs' claim is for damages of a compensatory and punitive nature arising as a direct and proximate result of a fire that occurred at Defendants' plastic recycling Industrial Facility located on or around 308, 310, and 358 NW F Street, Richmond, Indiana ("the Industrial Facility") on or about April 11, 2023. Plaintiffs individually bring this action on behalf of all potential class members pursuant to Civ. R. 23.

2. Defendant Seth Smith is the President and Registered Agent of Defendant Cornerstone Trading Group, LLC which is the owner of the Industrial Facility located at 308 NW F Street, Richmond, Indiana.

3. On July 25, 2019, during Defendant Cornerstone and Seth Smith's ownership of the Industrial Facility, an unsafe building order pertaining to the Industrial Facility was filed by Defendant City of Richmond with the Wayne County Recorder. This unsafe building notice referenced the significant fire hazard that existed at the Industrial Facility and adjacent properties. All Defendants had actual knowledge of these unsafe conditions for several years prior to this tragedy, but they failed to take any affirmative steps to remedy the unsafe ultra-hazardous conditions that existed within the Industrial Facility and surrounding grounds.

4. On March 22, 2021, Defendant the City of Richmond purchased from Defendant Cornerstone Trading Group, LLC the land located at 310 NW F Street, Richmond, Indiana for one dollar by way of a quitclaim deed due to a significant amount of unpaid property taxes owed by Defendant Cornerstone Trading Group, LLC. As the owner of the land, the City of Richmond owed a duty to Plaintiffs to maintain the property in a safe and reasonable condition.

5. Defendants' tortious conduct of failing to maintain the Industrial Facility and the hazardous contents therein set in motion a chain of events resulting in a widespread fire which released noxious fumes and hazardous materials including asbestos into the air and ground water of the surrounding area.

6. Defendants' tortious conduct was performed in blatant disregard for the safety and welfare of Plaintiffs and other similarly situated class members, and in total disregard for the health, property rights, and interests of Plaintiffs and other class members.

7. As a result of Defendants' tortious conduct, police and fire officials required approximately 2,000 individuals within 0.5 miles of Defendants' Industrial Facility to evacuate their homes due to the fire on or about April 11, 2023.

8. Plaintiffs and other class members who resided in the evacuation zone on April 11, 2023, were forced to evacuate from their residences and incurred economic damages in the form of loss of use of their property, loss of use of their residence, travel expenses including hotels, gas, and mileage, and various other damages.

9. Plaintiffs and other class members who resided in the evacuation zone on April 11, 2023, are experiencing or have experienced fear, anxiety, and uncertainty with regard to negative affects to their residences and individual well-being due to the fire at Defendants' Industrial Facility.

**JURISDICTION AND VENUE**

10. Pursuant to Indiana T.R. 75(A), venue is proper in Wayne County, Indiana because all of the acts and conduct charged herein occurred in this County. Furthermore, Defendant Cornerstone Trading Group, LLC is an Indiana Limited Liability Company with its

principal office address at P.O. Box 1282, 310 NW F Street, Richmond, Indiana, County of Wayne and Defendant Seth Smith resides in Wayne County. Additionally, the City of Richmond, Indiana is located in Wayne County, Indiana. Although this matter has been removed by Defendant, City of Richmond to the United States District Court for the Southern District of Indiana, Plaintiffs have filed a Motion to Remand this action back to Wayne County Superior Court and said Motion is pending a ruling from the Southern District.

11. As Wayne County is the proper forum for this action, and Defendants' tortuous conduct occurred completely within Wayne County, Indiana law should be applied to the instant action.

## THE PARTIES

### PLAINTIFFS

12. Plaintiff and Class Representative, Tushawn Craig is an individual who owns property and resides at 412 NW 1st Street, Richmond, County of Wayne, State of Indiana. Plaintiff's property is within the area of Defendants' Industrial Facility which was subject to evacuation as a result of the April 11, 2023, fire.

13. Plaintiff and Class Representative, Marquetta Stokes is an individual who owns property and resides at 122 Richmond Avenue, Richmond, County of Wayne, State of Indiana. Plaintiff's property is within the area of Defendants' Industrial Facility which was subject to evacuation as a result of the April 11, 2023, fire.

14. Plaintiffs Craig and Stokes bring their claims on behalf of any and all similarly situated individuals who resided within the 0.5 mile evacuation zone on April 11, 2023, as designated by the Environmental Protection Agency and Defendant, City of Richmond due to the fire at Defendants' Industrial Facility.

## DEFENDANTS

15. Defendant Cornerstone Trading Group, LLC is an Indiana limited liability company with its principal office address at P.O. Box 1282, 310 NW F Street Richmond, Indiana and its physical address at 308 NW F Street, Richmond, Indiana. Defendant Cornerstone Trading Group, LLC is the owner of the Industrial Facility where the fire broke out.

16. Defendant, Seth Smith is the President of Cornerstone Trading Group, LLC, an inadequately capitalized company that failed to follow corporate formalities and engaged in years of wrongdoing by acting recklessly in disregarding unsafe building orders that outlined the significant risk of fire within Defendants' Industrial Facility. Upon information and belief, Seth Smith is a resident of Wayne County, Indiana.

17. Defendant, the City of Richmond, owned the subject property and had a duty to maintain the property in a reasonable safe condition and it failed in this regard by ignoring requests to clean up the industrial facility or otherwise allowing hazardous materials and debris to accumulate on said property.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs and class representatives, Tushawn Crag and Marquetta Stokes file this Second Amended complaint within the applicable period of limitations as a class action pursuant to Rule 23, Indiana Rules of Trial Procedure, and have complied with the Indiana Tort Claims Notice provision of the Act, on behalf of themselves and all other unnamed, or yet unknown, current and former residents who resided within the 0.5 mile evacuation zone surrounding Defendants' Industrial Facility. Plaintiffs now bring this class action for the following reasons:

## NUMEROSITY

19. Membership in the class is so numerous that joinder of all class members before this Court is impracticable.

20. Plaintiffs can ascertain approximately 2,000 potential class members and estimate that hundreds, and potentially thousands, more persons may exist for this class.

21. Although yet unknown to Plaintiffs, the names of remaining class members are readily available and ascertainable.

## COMMONALITY

22. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.

23. Among the questions of law and fact common to the Class are:

   a) Whether Defendants practice of engaging in plastics recycling constitutes an ultra-hazardous activity, thus making Defendants strictly liable for any harms resulting from said activity.

   b) Whether Defendants negligently conducted activities in breach of the duty of ordinary care owed to Plaintiffs and other Class members, resulting in a fire which spread numerous chemicals, noxious fumes, smoke, debris, and asbestos throughout the area surrounding Defendants' Industrial Facility.

   c) Whether the harm suffered by Plaintiffs and other Class members was a direct and proximate result of Defendants' breach of their duty, from which arose Plaintiffs', and other Class members' actual and punitive damages.

d) Whether the accelerants that ignited the fire and hazardous materials handled, stored, and maintained at its facility were in sole possession and control of Defendants.

e) Whether Defendants had the power to exercise sole possession and control over the accelerants and hazardous materials handled, stored, and maintained at its facility, thus falling under the doctrine of *Res Ipsa Loquitur*.

f) Whether Defendants' knew that disregarding the unsafe building orders and improperly handling, storing, and maintaining the accelerants and hazardous materials used at its facility would result in detrimental harm to the well-being of Plaintiffs and other Class members.

g) Whether Defendants knew or should have known that disregarding the unsafe building orders and improperly handling, storing, and maintaining the accelerants and hazardous materials used at its facility would cause a threat to the mental well-being to Plaintiffs and other Class members.

h) Whether Plaintiffs and other Class members have suffered emotional distress such as fear, anxiety, and uncertainty as a direct result of Defendants' disregard of unsafe building orders and handling, storage, and maintenance of the accelerants and hazardous materials.

i) Whether Defendants' disregard of unsafe building orders and handling, storage, and maintenance of the accelerants and hazardous materials resulted in a substantial and unreasonable interference with Plaintiffs' and other Class members' use and enjoyment of their property and residences.

j) Whether Defendants' disregard of unsafe building orders and handling, storage, and maintenance of the accelerants and hazardous materials unreasonably interferes with the health, safety, or property rights of the community, which uniquely affected Plaintiffs and other Class members.

k) Whether Defendants' disregard of unsafe building orders and handling, storage, and maintenance of the accelerants and hazardous materials, and the fire resulting therefrom, caused chemicals, debris, hazardous materials, and asbestos to encroach upon Plaintiffs' and other Class members' real property and residences.

l) Whether the evacuation of the 0.5 mile radius surrounding Defendants' properties where the fire originated resulted in economic loss of Plaintiffs and other Class members.

m) Whether Plaintiffs and other Class members are entitled to compensatory and punitive damages, interest on said damages, as well as attorneys' fees and costs.

**TYPICALITY**

24. The Plaintiffs, Tushawn Craig and Marquetta Stokes are members of and are representative of the Class of victims described herein.

25. The Plaintiffs are citizens of, and reside in Wayne County, Indiana, and own property adversely affected by Defendants' tortuous conduct.

26. The Plaintiffs' claims are typical of the claims of the remaining members of the Class in that they were injured by the same tortuous conduct which occurred at the hands of Defendants.

**REPRESENTATIVES**

27. Plaintiffs will fairly and adequately protect the interests of all members of the Class.

28. Plaintiffs' counsel is highly experienced, competent, and has sufficient resources to fully pursue the rights of Plaintiffs and all other class members.

**CLASS CERTIFICATION PURSUANT TO CIV. R. 23(B)(3)**

29. As stated herein, questions of law and fact common to Plaintiffs and all members of the class predominate over any questions affecting only individual members.

30. A class action in this matter is superior to other available methods for the fair and efficient adjudication of the controversy based upon the following:

   a) The individual Class members have a very slight interest in maintaining an individual action against Defendants.

   b) The damages suffered by individual Class members may be relatively small in some cases. Therefore, the expense and burden of individual litigation makes it impractical for the Class members to individually seek redress for the wrongs done to them.

   c) All Class Plaintiffs and Class members are residents of Wayne County, Indiana, Defendant Cornerstone is a domestic company located in Wayne County, Indiana, and Defendant City of Richmond is located in Wayne County, Indiana. All claims stated herein arose from Defendants' acts or omissions which occurred in Wayne County, Indiana. Thus, once this Court has determined Defendants' liability, all claims of Plaintiffs and other Class members can be adjudicated.

   d) There are no difficulties or impediments which would interfere with this Court's management of this case.

## FIRST CLAIM FOR RELIEF
### (Strict Liability)

31. Plaintiffs re-allege and reassert paragraphs one through thirty.

32. Defendants ignored unsafe premises notices, knowingly allowed substantial fire hazards to exist on their premises, and engaged ultra-hazardous activities including the handling, storage, and maintenance of ultra-hazardous materials, including accelerants, toxic materials, and asbestos that create a risk of serious harm to persons or property.

33. The engagement in ultra-hazardous activities including the handling, storage, and maintenance of these ultra-hazardous materials and allowing known substantial fire hazards to exist on their property, cannot be performed without substantial risk of serious harm to persons or property, irrespective of the amount of care taken.

34. Defendants' practice of handling, storing, and maintaining these ultra-hazardous materials is not a commonly engaged in activity by persons in Plaintiffs' and other Class members' community.

35. The above-mentioned facts establish an absolute duty on the part of Defendants to make their activities safe.

36. By virtue of the fact that the fire occurred at Defendants' Industrial Facility, Defendants breached their absolute duty to make safe.

37. Plaintiffs and other Class members suffered damages as a result of Defendants' breach of duty.

38. Defendants are strictly liable for any damages sustained by Plaintiffs and other Class members, whether to person or property.

## SECOND CLAIM FOR RELIEF
### (Negligence)

39. Plaintiffs re-allege and reassert paragraphs one through thirty-eight.

40. Defendants owe a duty of reasonable care while engaging in ultra-hazardous activities including the handling, storage, and maintenance of ultra-hazardous materials used in their operations, to keep their premises free of substantial fire hazards, and to maintain their property in a safe manner while adhering to all safety rules and regulations and complying with all unsafe building notices.

41. Defendants failed to exercise reasonable care in their engagement in ultra-hazardous activities including the handling, storage, and maintenance of ultra-hazardous materials, failed to maintain their property in a safe manner free of substantial fire hazards, and failed to comply with unsafe building notices, which resulted in a fire at their Industrial Facility.

42. Consequently, Defendants breached their duty to Plaintiffs and other Class members to exercise reasonable care in their engagement in ultra-hazardous activities including the handling, storage, and maintenance of ultra-hazardous materials used at their facility and maintenance of their property to keep it free from substantial fire hazards.

43. Plaintiffs and other Class members suffered damages as a result of Defendants' breach of duty.

44. Defendants are liable for any damages and injuries sustained or yet to be sustained by Plaintiffs and other Class members, whether to person or property, as a result of their negligence in the engagement of ultra-hazardous activities including the handling, storing, and maintenance of ultra-hazardous materials used at their facility and negligence in failing to safely maintain their property to keep it free from substantial fire hazards.

### THIRD CLAIM FOR RELIEF
**(Res Ipsa Loquitur)**

45. Plaintiffs re-allege and reassert paragraphs one through forty-four.

46. Plaintiffs and class members sustained damages of the type that would not normally occur but for the negligence of Defendants.

47. Defendants were at all times in sole and exclusive control and possession of their Industrial Facility.

48. Defendants were at all times in sole and exclusive control of the known fire hazards, ultra-hazardous activities, and ultra-hazardous materials used in their facility.

49. The power of control and opportunity to exercise that control lies solely with Defendants.

50. At no time did Plaintiffs and other Class Members exert any control over Defendants' facility or ultra-hazardous activities and materials used therein.

## FOURTH CLAIM FOR RELIEF
### (Private Nuisance)

51. Plaintiffs re-allege and reassert paragraphs one through fifty.

52. Defendants' failure to maintain their property, their engagement in ultra-hazardous activities, and their improper handling, storage, and maintenance of ultra-hazardous and toxic materials used in Defendants' facility resulted in a fire which spread noxious fumes, smoke, other chemicals, and debris throughout the area surrounding the Industrial Facility.

53. Defendants' actions substantially and unreasonably interfered with Plaintiffs' and other Class Members' use and enjoyment of their property.

54. The interference with the use and enjoyment of property suffered by Plaintiffs and other Class members is different from the general public.

## FIFTH CLAIM FOR RELIEF
### (Trespass)

55. Plaintiffs re-allege and reassert paragraphs one through fifty-four.

56. Defendants' failure to maintain their property to keep it free from substantial fire hazards and their improper handling, storage, and maintenance of ultra-hazardous and toxic materials used in Defendants' facility resulted in a fire which spread noxious fumes, smoke, other chemicals, and debris throughout the area surrounding the Industrial Facility.

57. The noxious fumes, toxic materials, other chemicals, and debris including asbestos which were spread as a result of the explosion of Defendants' facility physically invaded Plaintiffs' and other Class Members' property.

58. At no time did Defendants have permission or license to enter upon the land of Plaintiffs and other Class members for any purpose.

## **SIXTH CLAIM FOR RELIEF**
**(Battery)**

59. Plaintiffs re-allege and reassert paragraphs one through fifty-eight.

60. Defendants intended to disregard multiple safety and fire hazard warnings and continue to allow substantial fire hazards and ultra-hazardous and toxic materials to exist at its Industrial Facility.

61. Defendants' failure to safely maintain their property to keep it free from substantial fire hazards and their improper handling, storage, and maintenance of ultra-hazardous and toxic materials used in their facility resulted in a fire which spread noxious fumes, harmful chemicals, and debris throughout the area surrounding their Industrial Facility.

62. The noxious fumes, toxic materials, other chemicals, and debris including asbestos which were spread as a result of the fire at Defendants' facility constituted harmful and/or offensive contact with the property of Plaintiffs and other Class Members.

63. At no time did Plaintiffs and other Class members consent to this harmful and/or offensive touching.

64. Plaintiffs and other Class members suffered injury as a result of Defendants' harmful and/or offensive touching.

## SEVENTH CLAIM FOR RELIEF
**(Punitive Damages)**

65. Plaintiffs re-allege and reassert paragraphs one through sixty-four.

66. The Defendants' actions, jointly and individually, demonstrate malice, aggravated or egregious fraud and oppression, with a conscious disregard for the rights of other persons with a great probability of causing substantial harm, and entitle Plaintiffs and the Classes they represent to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs, on behalf of themselves and the Classes, pray for judgment as follows:

a. Certifying this action to be a Class Action pursuant to Rule 23 of the Indiana Rules of Trial Procedure and approving the Named Plaintiffs as proper class representatives of the Classes.

b. Awarding the Named Plaintiffs and the Classes compensatory and punitive damages in excess of $25,000 as a result of the wrongs alleged herein.

c. Awarding the Named Plaintiffs and the Classes they represent interest on all damage awards.

d. Awarding the Named Plaintiffs and members of the Class interest, costs and expenses, including reasonable attorneys' fees and expert fees, and for such other relief as this Court may deem proper.

e. Awarding the Named Plaintiffs and members of the Class any other monetary relief to which they may be entitled.

Respectfully submitted,

/s/Trevor J. Crossen
Trevor J. Crossen, #18592-49
CROSSEN LAW FIRM, LLC

4661 Lisborn Drive
Carmel, IN 46033
Trevor@crossenlawfirm.com
Telephone (317) 939-6800
Facsimile (317) 939-6801

Respectfully submitted,


/s/Benjamin D. Felton
Benjamin D. Felton, #32232-89
DYER, GAROFALO, MANN & SCHULTZ
3723 National Road East
Richmond, Indiana 47374
bfelton@dgmslaw.com
Telephone (765) 983-3500
Facsimile (765) 973-9693

*COUNSEL FOR PLAINTIFFS*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing pleading has been filed via the CM/ECF system this 23rd day of April, 2024 to the following counsel of record:

Andrew M. McNeil
Bradley R. Sugarman
Jackson L. Schroeder
Seth M. Thomas
Bose McKinney & Evans, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN. 46204
amcneil@boselaw.com
bsurgarman@boselaw.com
sthomas@boselaw.com
jschroeder@boselaw.com
Counsel for City of Richmond

Dawn E. Wellman
Eric N. Allen
Corwin S. Marcum
Jacob S. Troxell
Allen Wellman McNew Harvey, LLP
Five Courthouse Plaza
P.O. Box 455
Greenfield, IN. 46140
Counsel for Cornerstone Trading Group, LLC and Seth Smith

/s/Trevor J. Crossen
Trevor J. Crossen, Attorney No. 18592-49
Attorney for Plaintiffs

**CROSSEN LAW FIRM, LLC**
4661 Lisborn Drive
Carmel, IN 46033
Telephone: (317) 939-6800
Facsimile: (317) 939-6801
Trevor@crossenlawfirm.com