UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TUSHAWN CRAIG, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:23-cv-01575-TWP-MJD |
| | ) |
| CORNERSTONE TRADING GROUP, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on two motions, both of which are resolved, in turn, below.

**I. Motion to Compel Production of Case Files [Dkt. 180]**

Defendant/Third Party Plaintiff, Cornerstone Trading Group, LLC, Defendant/ Cross-Defendant, Seth Smith, and Cross-Defendant, My-Way Trading, Inc. (collectively, "Cornerstone Defendants") have filed a motion seeking to compel non-party Allen Wellman Harvey Keyes Cooley, LLP, ("the Firm") their former counsel in this matter, to produce the Firm's files relating to this case. In response, the Firm states that it

> will produce (1) original copies of paper documents Smith provided to [the Firm] and (2) copies of the files obtained from Smith's prior counsel, Attorneys David Murphy and George Sowers. However, [the Firm] is exercising its right to hold a retaining lien against all other documents associated with the Cornerstone Defendants' matter, and those documents will not be produced until Smith pays his outstanding balance in full and agrees to pay a reasonable fee for [the Firm] to produce his matter file, $100 per hour with an advance of $1,000.

[Dkt. 189.] The Cornerstone Defendants' new counsel also has been provided access to the discovery that has been exchanged in this case. Whether and to what extent the Firm may

enforce a lien against the files and/or charge for providing copies to its former client is not a matter of discovery in this case. Rather, it is a matter of state contract law which, if it needs to be litigated, must be litigated in state court. Accordingly, the motion to compel, [Dkt. 180], is **DENIED**. The Firm's request for fees pursuant to Rule 37 also is **DENIED**.

## II.  Motion to Amend Answer [Dkt. 185]

Defendant the City of Richmond, Indiana ("the City") has filed a Revised Motion for Leave to Amend its Affirmative Defenses to Plaintiffs' Second Amended Class Action Complaint and its Affirmative Defenses to Cornerstone's Third-Party Complaint. [Dkt. 185.]  For the reasons set forth below, the motion is **DENIED**.

As an initial matter, as Cornerstone correctly notes in its response to the motion to amend, the City fails to acknowledge the applicable standard in its motion. It is true, as the City states, that Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be freely given "when justice so requires."  However, while Rule 15 creates a liberal standard for granting leave to amend, that standard must be reconciled with due respect for the Court's deadlines, as set in the case management plan that serves as the scheduling order required by Federal Rule of Civil Procedure 16(b).  See *Alioto v. Town of Lisbon,* 651 F.3d 715, 719 (7th Cir. 2011).  The deadline for seeking leave to amend the pleadings in this case passed over a year ago.  See [Dkt. 42 at 5].  Under Rule 16(b), after the expiration of the Court's scheduling order deadline to amend pleadings, a pleading may only be amended "for good cause." Fed. R. Civ. P. 16(b)(4). Rule 16's "good cause" standard "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (internal quotation marks and citations omitted).  The movant bears the burden of showing "good cause." See *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind.

2

1995) ("[A] party must show that despite their diligence the time table could not have reasonably been met."). In reconciling Rule 15 and Rule 16, the Seventh Circuit has held it is proper for a court to consider first whether the moving party meets the heightened "good cause" standard under Rule 16(b)(4), before proceeding to examine whether the party meets the requirements of Rule 15. *Alioto,* 651 F.3d at 719; *see also Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701, 708 (7th Cir. 2024).

After Cornerstone cited to the correct standard in its response to the motion to amend, the City asserted the following in its reply brief:

> Cornerstone's opposition is, at best, clumsy. It asks the Court to deny the City's motion arguing that the City failed to demonstrate "good cause" under Fed. R. Civ. P. 16(b)(4). (Dkt. 186 at ¶ 3.) But Rule 16(b)(4) has no application here where a party seeks to amend a pleading. That rule applies to modification of a scheduling order. Rather, Rule 15(a)(2) controls here and requires the Court to "freely give leave when justice so requires." The City made this showing and Cornerstone's opposition makes no argument otherwise.

That position is quite obviously incorrect given the unequivocal, binding law from the Seventh Circuit set forth above, which has been cited numerous times by the Undersigned. The fact that the City's counsel was unaware of the proper standard when it filed its motion might be understandable; it is a common mistake. The fact that Cornerstone's response brief did not prompt the City's counsel to conduct the minimal legal research it would have taken to confirm that Cornerstone was correct about the applicable standard is inexcusable, and that counsel's smug characterization of Cornerstone's response as "clumsy" falls far, far below the standard of practice expected from a professional.

Turning to the merits, the City's motion is based on the representation that Cornerstone's new counsel recently has indicated that Cornerstone

> may argue at trial that the way in which the City fought the fire may have "caused and/or contributed to the spread of the fire, whether the fire should/could have

3

been contained to the City's parcel and the availability/use of any firefighting foam or other tools, equipment and/or materials that is better suited for extinguishing fires involving certain combustibles."

[Dkt. 185 at 2] (quoting [Dkt. 179]). The City seeks to amend its affirmative defenses to assert that it is entitled to common law sovereign immunity for any claim arising out of how the fire was fought. But Cornerstone cannot assert any such claim at trial, because it has not pled any such claim. There are simply no facts in the Third-Party Complaint, [Dkt. 1-2 at 67], that relate to the manner in which the City fought the fire. The same is true of Plaintiffs' Second Amended Complaint, [Dkt. 72]. There is no good cause—or any reason at all—for the City to amend its affirmative defenses to address a claim that does not exist in this case. The motion to amend is therefore **DENIED**.

### III. Conclusion

For the reasons set forth above, the Cornerstone Defendants' Motion to Compel Production of Case Files, [Dkt. 180], is **DENIED**. The City's Revised Motion for Leave to Amend Its Affirmative Defenses to Plaintiffs' Second Amended Class Action Complaint and its Affirmative Defenses to Cornerstone's Third-Party Complaint, [Dkt. 185], also is **DENIED**.

SO ORDERED.

Dated: 9 MAY 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.