UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TUSHAWN CRAIG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:23-cv-01575-TWP-MJD |
| ) | |
| CORNERSTONE TRADING GROUP, LLC, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiffs' Motion to Compel the City of Richmond to Produce Documents Related to the Fire on April 11, 2023. [Dkt. 198.] The motion is fully briefed, and the Court has conducted an *in camera* review of the documents at issue. For the reasons and to the extent set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. The Discovery at Issue**

This action relates to a fire that occurred in Richmond, Indiana, on April 11, 2023. In the instant motion, Plaintiffs seek to compel a complete response from Defendant the City of Richmond to Plaintiffs' Document Request No. 12, which seeks "any writings and/or documents generated as a result of any investigation regarding the April 11, 2023[,] fire at the recycling facility." [Dkt. 198-4.] The document request was served on May 30, 2024, almost a full year ago. The City responded on July 11, 2024, as follows:

> **OBJECTION**: The City objects to this request as it is vague, ambiguous, overbroad and not reasonably particular as the terms "recycling facility" and "any

investigation" are undefined. The City also objects that this request seeks privileged documents protected by attorney-client and work product protections. The City further notes that governmental entities, other than the City, have investigated the fire and such documents are not within the possession, custody or control of the City. Finally, the City has already produced numerous documents relating to the fire in response to prior discovery requests and with its initial disclosures. Subject to and without waiving these objections, the City states:

**RESPONSE**: As currently phrased, the City is unable to identify any additional responsive non-privileged documents that need to be produced, but to the extent the Plaintiffs provide more specificity on the documents requested the City will respond to such specific request pursuant to Trial Rule 34.

The City's objection that it did not understand the request as phrased is disingenuous at best and frankly appears more likely to be intentionally obstructionist. This case involves a fire that occurred on April 11, 2023; there can be no question what fire and what recycling facility to which the request refers.[1] "Any investigation" is self-explanatory and does not require definition. The City is only required to produce documents within its possession or control, but if it had documents related to an investigation of the fire conducted by another entity, it was required to produce them or log them as being withheld as privileged.

The City did neither. From time-to-time over the next eight months, the parties discussed the lack of a complete response to Request No. 12. *See* [Dkt. 198-1 at 2-4] (outlining those discussions). At some point along the way, the City identified documents that it had otherwise produced that were responsive to the request and informed Plaintiffs that there was an ongoing criminal investigation regarding the fire. The City finally produced a privilege log on April 15, 2025, on which it asserted the law enforcement investigatory privilege over numerous documents. The log is wholly inadequate, however, as it does not "describe the nature of the

---

[1] Plaintiffs have consistently referred to the property as a plastic recycling facility throughout this case.

documents . . . not produced . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," as required by Federal Rule of Civil Procedure 26(b)(5)(A). Indeed, "[t]he inquiry into whether documents are subject to a privilege is a highly fact-specific one" and "[a]n assertion of privilege therefore must be made on a document-by-document basis." *In re Grand Jury Proc.*, 220 F.3d 568, 571 (7th Cir. 2000). Thus, the City's position in its brief that the minimal information on its privilege log "is sufficient for the purpose of enabling other parties (or this Court) to assess the claimed privilege," [Dkt. 207 at 26], is without merit, as is its bizarre insistence that Plaintiffs had to request a privilege log in order for the City to be required to produce one. To the contrary, that requirement is found in Federal Rule of Civil Procedure 26(b)(5)(A), which requires a privilege log to be provided "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged."

It is the insufficiency of the privilege log that required an *in camera* review of the documents at issue. In fact, the privilege log is so clearly insufficient that the Court would have been within its discretion to find that the City had waived the privilege and require all of the documents to be produced. The Court has not done so because, as discussed below, the law enforcement investigatory privilege exists to protect the **public's** interest in the integrity of ongoing criminal investigations. In would not be in the interests of justice to allow that public interest to be thwarted because of counsel for the City's failure to comply with their discovery obligations in this case.

Following the filing of the instant motion to compel, the City produced a revised National Fire Incident Report System report. It is not clear why this clearly responsive and relevant document was not produced sooner. Also not clear is why Plaintiffs failed to file a motion to

3

compel this discovery sooner and why Plaintiffs did not comply with Local Rule 37-1(a) prior to filing their motion to compel. In other words, neither party's conduct has been beyond reproach with regard to the instant discovery dispute. The Court declines to parse who failed to do what with any more specificity. Instead, the Court will turn to the substantive issue of whether the City has properly withheld the documents on its privilege log.

## II. Application of the Law Enforcement Investigatory Privilege

The City has withheld the documents in question on the ground that they are protected by the law enforcement investigatory privilege.[2]

> The law enforcement investigatory privilege is a qualified common law privilege that protects civil and criminal law enforcement investigatory files from civil discovery and is incorporated under Rule 26(b). [*Jones v. City of Indianapolis*, 216 F.R.D. 440, 443-44 (S.D. Ind. 2003).] The purpose of the privilege is to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard privacy of individuals involved in an investigation, and otherwise prevent interference with an investigation." *Id.* at 444. The law enforcement investigatory privilege is not absolute; rather, it may be overridden in appropriate cases by the need for the privileged materials. *Id.* . . . . Courts must balance the public interest in protecting police investigations against the needs of plaintiffs in civil matters.

*Davis v. Carmel Clay Sch.*, 282 F.R.D. 201, 205-06 (S.D. Ind. 2012). In order to determine whether the privilege should prevent discovery of a particular document, courts often consider a ten-factor balancing test first articulated in *Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344 (E.D. Pa. 1973).

> The court has considerable leeway weighing these factors in the undertaking of the essential balancing process and the nature of the case presented may warrant

---

[2] The City also argues in its brief that the deliberative process privilege applies to some of the documents. *See* [Dkt. 207 at 24-25]. Not only did the City fail to assert that privilege on its privilege log, but it also does not even attempt to satisfy the very specific and rather onerous requirements of demonstrating the applicability of that privilege. *See, e.g.*, *Holmes v. Hernandez*, 221 F. Supp. 3d 1011, 1016 (N.D. Ill. 2016) (setting forth those requirements).

4

consideration of additional factors. Moreover, it is appropriate to conduct the balancing test for determining whether the law enforcement privilege applies with an eye towards disclosure.

*Tuite v. Henry*, 181 F.R.D. 175, 177 (D.D.C. 1998), *aff'd,* 203 F.3d 53 (D.C. Cir. 1999) (citing *In re Sealed Case,* 856 F.2d 268, 272 (D.C. Cir. 1988)). Ultimately, the determination as to whether the privilege should prevent disclosure is within the discretion of the district court. *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997).

The factors set forth in *Frankenhauser* that are applicable to this case are as follow:

(1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;

(2) The impact upon persons who have given information of having their identities disclosed;

\*\*\*

(4) Whether the information sought is factual data or evaluative summary;

(5) Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;

(6) Whether the investigation has been completed;

\*\*\*

(8) Whether the plaintiff's suit is nonfrivolous and brought in good faith;

(9) Whether the information sought is available through other discovery or from other sources; and

(10) The importance of the information sought to the plaintiff's case.

*Frankenhauser*, 59 F.R.D. 339 at 344. As the proponent of the privilege, the City bears the burden of justifying application of the investigatory privilege. *Jones*, 216 F.R.D. at 444.

Some of the relevant factors are not dependent on the particular document at issue. Plaintiffs' suit is nonfrivolous and brought in good faith. That factor weighs against applying the

5

privilege. The criminal investigation is ongoing, which weighs in favor of applying the privilege, as does the fact that while Plaintiffs are not actual or potential defendants in any pending or reasonably likely criminal proceeding, other parties to this case are.

The remaining factors depend on the content of the document in question. The Court has conducted an *in camera* review of the withheld documents with an eye toward weighing the importance of each document to Plaintiffs' case against the extent to which the other factors that weigh in favor of applying the privilege, all of which relate to the principle that discovery in a civil case should not interfere with law enforcement investigations, are implicated by the document. The Court's determination with regard to the documents produced for *in camera review* are contained in the table below.

| Category 1 (10 emails) | These documents (Nos. 1-3, 5, 7, 8-9, 11-12, and 14) are a chain of emails requesting and providing recordings of 911 calls. | Document Nos. 1-3, 5, 7, 8-9, 11-12, and 14 are not privileged; all must be produced. |
|---|---|---|
| Category 2 (4 emails) | Document Nos. 16 and 17 are emails that reveal investigatory details.<br><br>Document Nos. 18 and 19 consist of contact information for various investigators. | Documents Nos. 16 and 17 are privileged and need not be produced.<br><br>Documents Nos. 18 and 19 contain no relevant information and need not be produced. |
| Category 3 (2 emails) | Document Nos. 20 and 24 are emails that reveal investigatory details. | Document Nos. 20 and 24 are privileged and need not be produced. |
| Category 4 (6 emails) | Documents Nos. 26 and 28 relate to a YouTube video.<br><br>Documents Nos. 30-31, 33, and 35 relate to a public records request and the response thereto. | Documents Nos. 26, 28, 30-31, 33, and 35 are not privileged and must be produced. |
| Category 5 (9 emails) | Document Nos. 38, 45-46, 48, 50, 70, 89, and 108 are emails that reveal investigatory details. | Document Nos. 38, 45-46, 48, 50, 70, 89, and 108 are privileged and need not be produced. |

| | | |
|---|---|---|
| | Document No. 69 contains no relevant information. | Document No. 69 contains no relevant information and need not be produced. |
| Category 6 (1 email) | Document No. 123 is an email that reveals investigatory details. | Document No. 123 is privileged and need not be produced. |
| Category 7 (4 emails) | Document Nos. 132-33, 135, and 138 are emails that involve meeting arrangements. | Document Nos. 132-33, 135, and 138 are not privileged and must be produced. |
| Category 8 (1 email) | Document No. 141 provides contact information for investigators. | Document No. 141 contains no relevant information and need not be produced. |
| Category 9 (1 email) | Document No. 142 is an email with no content. | Document No. 142 contains no relevant information and need not be produced. |
| Category 10 (1 email) | Document No. 143 is an email forwarding a completed lab request form. It reveals investigatory information. | Document No. 143 is privileged and need not be produced. |
| Category 11 (9 emails) | Document Nos. 146-54 are emails that involve meeting arrangements. | Document Nos. 146-54 are not privileged and must be produced. |
| Category 12 (51 documents and 3 audio recordings) | Document Nos. 181, 183, 186, 194, 199, 201, 206, 217-21, 223-54, 283, 287, and 290 reveal investigatory information. | Document Nos. 181, 183, 186, 194, 199, 201, 206, 217-21, 223-54, 283, 287, and 290 are privileged and need not be produced. |
| | Document Nos. 158 and 169 are responder logs. Document 212 is a similar document but has no content. Document No. 213 is the Initial Incident Report. | Document Nos. 158, 169, 212, and 213 are not privileged and must be produced. |
| | Document Nos. 155-57 are audio recordings of witness statements. They reveal investigatory information. | Document Nos. 155-57 are privileged and need not be produced. |

The Court notes that, with a few exceptions, the withheld documents do not contain information that is of significant importance to the Plaintiffs' case, given that the non-evaluative relevant information contained therein has been provided to Plaintiffs through other discovery.

7

The City's position in its brief that the evaluative information contained in the withheld documents is **irrelevant** to Plaintiffs' claims, *see* [Dkt. 207 at 20, 24], is flatly wrong. The City seems to conflate whether documents are **relevant** with whether they are **necessary** to prove Plaintiffs' case. Plaintiffs allege that Defendants failed to properly maintain the recycling facility and to properly store materials therein and that these failures "set in motion a chain of events resulting in a widespread fire which released noxious fumes and hazardous materials including asbestos into the air and ground water of the surrounding area." [Dkt. 72 at 3.] Thus, documents that relate to the investigation into the cause and progression of the fire clearly are relevant to Plaintiffs' claims.

One of the exceptions referenced above is the Origin and Cause Report, which is Document No. 254. To the extent that the report contains factual and evaluative information that Plaintiffs do not otherwise have—including the investigators' conclusions regarding the cause of the fire—the Court, in its discretion, determines that the public interest in protecting ongoing criminal investigations outweighs Plaintiffs' need for the information in this case. The same is true of the witness statements that have been withheld. While it is possible that those statements could contain relevant information not otherwise available to Plaintiffs, Plaintiffs' need for that information in this case does not outweigh the need to avoid discouraging citizens from fully cooperating with ongoing criminal investigations without fear of being embroiled in civil litigation.

### III.  Conclusion

For the reasons set forth above, Plaintiffs' Motion to Compel the City of Richmond to Produce Documents Related to the Fire on April 11, 2023, [Dkt. 198], is **GRANTED IN PART** and **DENIED IN PART**. Defendants shall produce the following documents **within three**

**business days of the date of this Order**: 1-3, 5, 7, 8-9, 11-12, 14, 26, 28, 30-31, 33, 35, 132-33, 135, 138, 146-54, 158, 169, 212, and 213.

Finally, while the parties' briefs focus on the documents withheld on privilege grounds, it is not entirely clear to the Court that Defendants have otherwise fully responded to the document request at issue. Accordingly, Defendants shall file a certification **within seven days of the date of this Order** that **all** documents responsive to Document Request No. 12 have been produced except for the specific documents listed in the table above as not having to be produced.

SO ORDERED.

Dated: 22 MAY 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.