**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TUSHAWN CRAIG,<br>MARQUETTA STOKES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01575-TWP-MJD |
| | ) | |
| CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>CITY OF RICHMOND, INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CITY OF RICHMOND, INDIANA,<br>CITY OF RICHMOND, INDIANA, | ) | |
| | ) | |
| Cross Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>MY-WAY TRADING, INC., | ) | |
| | ) | |
| Cross Defendants. | ) | |
| | ) | |
| CORNERSTONE TRADING GROUP, LLC, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF RICHMOND, INDIANA, | ) | |
| | ) | |
| Third Party Defendant. | ) | |
| | ) | |

ALLEN WELLMAN HARVEY KEYES            )
COOLEY, LLP,                          )
                                      )
                    Interested Party.  )

## ORDER ON MOTION FOR CLASS CERTIFICATION, MOTION TO STRIKE, AND MOTION TO SUPPLEMENT

This matter is before the Court on Plaintiffs Tushawn Craig ("Craig") and Marquetta Stokes' ("Stokes") (collectively, "Plaintiffs") Motion for Class Certification (Filing No. 116) filed pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(3) and Plaintiffs' Motion to Strike Defendants' Joint Objection to Plaintiffs' Reply in Support of Motion for Certification (Filing No. 140). Also pending is Defendants Cornerstone Trading Group, LLC ("Cornerstone"), Seth Smith ("Smith"), and the City of Richmond, Indiana's (the "City") (collectively, "Defendants") Motion to File Supplemental Appendix in Opposition to Class Certification (Filing No. 177). Plaintiffs initiated this lawsuit against Defendants alleging damages for failure to exercise reasonable care in their engagement in ultra-hazardous activities. For the reasons below, the Court **denies** Plaintiffs' Motion to Strike, **grants** Defendants' Motion for Leave to File Supplemental Appendix, and **grants** Plaintiffs' Motion for Class Certification.

## I.    BACKGROUND

Although a court will generally make a determination on the suitability of class certification based on the facts alleged in the complaint, the Seventh Circuit has stated: "a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001), *cert. denied*, 534 U.S. 951 (2001). Keeping that principle in mind, the Court will draw upon the facts alleged in Plaintiffs' Complaint, Defendants' answers, Plaintiffs' Memorandum in Support of Motion for Class Certification, Defendants' responses in

opposition, Plaintiffs' Reply, Defendants' Joint Objection to Plaintiffs' Reply, and any other relevant materials submitted by the parties.

Plaintiffs initiated this lawsuit on April 11, 2023, following a fire originating from three adjoining properties in Richmond, Indiana (*See* Filing No. 72). Cornerstone owned one of the three adjoining properties at issue, located at 308 NW F Street ("308") (Filing No. 78 at 2). The City owned the other two adjoining properties at issue; 310 NW F Street ("310") and 358 NW F Street ("358") (Filing No. 77 at 8). Smith and Cornerstone operated a plastic recycling business on these properties which purchased scrap plastic, processed it, and then resold it (Filing No. 95 at 2).

In May 2019, Douglas Gardner ("Gardner"), the Deputy Chief of Fire Prevention for the City, inspected the three properties for the City and the Richmond Unsafe Building Commission ("UBC") (Filing No. 118-19 at 27:23–28:17).[1] Following Gardner's inspection and report, the UBC issued orders on July 24 and July 25, 2019, to repair, demolish, or vacate 308, 310, and 358. *Id.* at 26:13–25. Gardner agreed that the evidence presented to the UBC "clearly established that the [Defendants'] structures . . . are unsafe to people and property, constitute a fire hazard, are a hazard to public health, [and] constitute a nuisance." *Id.* at 40:3–13. Cornerstone and Smith filed a complaint in opposition to the UBC orders, though the orders were ultimately affirmed. *Id.* at 26:13–19.

On March 2, 2021, Wayne County acquired the property located at 310 and 358 and then transferred ownership of the properties to the City on March 22, 2021 (Filing No. 118-1 at 3).

On April 11, 2023, the warehouse at 358 "containing large amounts of chipped, shredded, and bulk recycled plastic caught fire." (Filing No. 118-19 at 44:1–6). As a result of the fire, the Wayne County Emergency Management ordered an evacuation of a half-mile radius from the

---

[1] Gardner's deposition page numbers do not match the ECF page numbers. The Court will refer to the original deposition page numbers.

origin of the fire, which was at 358. *Id.* at 18:19–19:10. The evacuation area largely consisted of residential homes (Filing No. 118-14). According to a report from the Indiana Department of Homeland Security and the State Fire Marshal, "[t]he fire forced the evacuation of over 2,000 people from their homes." (Filing No. 122-3 at 18).

Plaintiffs are two of the over 2,000 individuals forced to evacuate their homes due to the fire. Plaintiffs allege, among other claims, that Defendants were negligent in conducting "ultra-hazardous activities including the handling, storage, and maintenance of ultra-hazardous materials used in their operations, to keep their premises free of substantial fire hazards, and to maintain their property in a safe manner while adhering to all safety rules and regulations and complying with all unsafe building notices." (Filing No. 72 at 11). As a result of Defendants' negligence, Plaintiffs allege they have suffered injuries and damages, including, but not limited to, damaged lungs, smoke inhalation, lost time from work, expenses relating to being evacuated from their home as well as lost value of their homes and businesses. Plaintiffs seek certification of a class action.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 23 governs class action lawsuits. To certify a class, Plaintiffs must first satisfy the four prerequisite requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a)(1)–(4). Before evaluating the Rule 23 requirements, the Court must first determine whether the class is identifiable. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). A class is identifiable if class membership can be readily determined by reference to objective criteria. *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 496 (7th Cir. 2012). If successful in that regard, Plaintiffs must overcome the final hurdle by

showing that the circumstances of their case fit one of the three "types" of class actions which Rule 23(b) defines. Here, Plaintiffs are moving pursuant to 23(b)(3).

Where certification is sought under Rule 23(b)(3), Plaintiffs must show that questions of law or fact common to the members of the proposed class predominate over any questions affecting only individual class members and that a class action is the superior method of resolving the controversy. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). A party seeking class certification bears the burden of demonstrating that certification is appropriate by a preponderance of the evidence. *Id.* The determination of whether to certify a proposed class is within the broad discretion of the district court. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). While consideration of class certification is not "a dress rehearsal for the trial on the merits," the court "must 'receive evidence . . . and resolve the disputes before deciding whether to certify the class.'" *Messner*, 669 F.3d at 811 (omission in original) (quoting *Szabo*, 249 F.3d at 676).

## III.    DISCUSSION

In their reply brief, Plaintiffs ask the Court to certify the following class:

Those persons who resided within a .5-mile radius evacuation zone around the fire at 358, 310, and 308 NW F Street, as depicted at Docket 122-3 at page 9, from April 11 through April 16, 2023.

(Filing No. 133 at 3). Plaintiffs also seek certification of two subclasses:

(1) The Owner Subclass consisting of "all members of the certified class, which owned property within the evacuation area"; and

(2) The Non-Owner Subclass consisting of "all members of the class, which did not own property within the evacuation area."

*Id.* Before addressing the Motion for Class Certification, the Court will address Plaintiffs' Motion to Strike (Filing No. 140) and Defendants' Motion for Leave to File Supplemental Appendix (Filing No. 177).

In their Motion to Strike, Plaintiffs argue that Defendants, through their joint objection to Plaintiffs' Reply in Support of their Motion for Certification of the Class (Filing No. 139), have improperly filed an unauthorized surreply, as they did not receive leave from the Court to file a surreply (Filing No. 140 at 4). Plaintiffs filed their Motion to Strike pursuant to Fed. R. Civ. P. 12(f). *Id.* at 1. That rule states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendants argue that their Joint Objection is not redundant, immaterial, impertinent, or scandalous. It merely responds to a new argument Plaintiffs brought up in their Reply—that the class can and should be separated into two subclasses and would therefore alleviate any issues with class certification. The Court agrees.

Generally, surreplies are only permissible under Local Rule 56-1(d) in briefing motions for summary judgment. S.D. Ind. L.R. 56-1. However, a surreply is allowed in limited circumstances. *Heckler & Koch, Inc. v. German Sport Guns GmbH*, No. 11-CV-1108, 2013 WL 2406262, at *3 (S.D. Ind. May 31, 2013).

> The purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion. New arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief. Courts allow a surreply brief only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response.

*Lawrenceburg Power, LLC v. Lawrenceburg Mun. Utils.*, 410 F. Supp. 3d 943, 949 (S.D. Ind. 2019) (citation modified).

6

A review of the parties' briefing shows that Plaintiffs raised new arguments. In their Reply, Plaintiffs "move this Court to create two subclasses within this [proposed] class – the Owner Subclass and the Non-Owner Subclass." (Filing No. 133 at 3). The creation of two subclasses had yet to be mentioned until Plaintiffs' Reply. The Court therefore finds that Defendants should be afforded the opportunity to respond to such request. Accordingly, the Motion to Strike is **denied**, and the surreply brief will be considered.

In their Motion for Leave to File Supplemental Appendix, Defendants ask the Court to take judicial notice of the complaint filed in Wayne County Superior Court by 151 plaintiffs, including the named Plaintiffs in this case, and request that the Court allow them to file a supplemental appendix. *See id.* Plaintiffs do not oppose the motion. The Court **grants** Defendants' Motion for Leave to File Supplemental Appendix and takes judicial notice of the complaint filed in the Wayne County Superior Court (Filing No. 178-1).

## A.    Class Definitions

Plaintiffs allege Defendants failed to properly handle and store ultra-hazardous materials leading to the fire that caused financial, health, and community damages. They move to certify a damages class under Rule 23(b)(3) and ask the Court to certify two subclasses as well: the Owner subclass and the Non-Owner subclass. Defendants generally deny these allegations and argue that Plaintiffs do not provide for a properly identifiable class, cannot satisfy Rule 23(a), and cannot satisfy Rule 23(b)(3). The parties' arguments are addressed below.

Plaintiffs' proposed class is "those persons who resided within a half-mile radius evacuation zone around the fire at 358, 310, and 308 NW F Street from April 11 through April 16, 2023." (Filing No. 123 at 8). A plaintiff must show by a preponderance of the evidence that the proposed class is "currently and readily ascertainable based on objective criteria." *Marcus v. BMW of N. Am.,*

*LLC*, 687 F.3d 583, 593 (3d Cir. 2012) (stating courts nationwide recognize this "essential prerequisite" of class actions); *see Bridgeview Health Care Ctr., Ltd. v. Clark*, No. 09-CV-05601, 2011 U.S. Dist. LEXIS 113609, at *2 (N.D. Ill. Sept. 30, 2011) ("To be ascertainable, a class must be identifiable as a class and membership within it must be determined by application of precise, objective criteria."). Here, the Court believes that the potential class members of the proposed class could be ascertained. These potential class members are identifiable by public property records, tax records, and rental agreements.

Defendants argue that children, as non-property owners, lack standing thus invalidating the class (Filing No. 127 at 24). Defendants further contend that if "'a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification.'" *Id.* (quoting *Messner*, 669 F.3d at 824).

However, the Seventh Circuit, in *Messner*, distinguished between "class members who were *not* harmed and those who *could not* have been harmed." 669 F.3d at 825 (emphases in original). It is important then, to determine whether children residing within the half-mile radius of the fire were class members who were not harmed, or whether they were class members who could not have been harmed. Here, the Court does not agree that the children could not have been harmed. While Defendants are correct that the children could not bring property damage claims, Plaintiffs' Second Amended Complaint specifically alleges personal injuries due to the noxious fumes, toxic materials, other chemicals, and debris, including asbestos (Filing No. 72 at 13). For obvious reasons, a child personally injured by noxious fumes, toxic materials, other chemicals, and debris such as asbestos in a class bringing personal injury claims is not a class member who *could not* have been harmed.

Defendants also assert that this Court, in *Denney v. Amphenol Corp.*, reasoned that because the class in that case was defined as property owners within the class geographical area, potential class members "'were easily identifiable by public property records or tax records.'" (Filing No. 126 at 7 (quoting *Denney v. Amphenol Corp.*, No. 19-cv-04757, 2023 U.S. Dist. LEXIS 171306, at *18 (S.D. Ind. Sept. 26, 2023))). Defendants contend that due to some of the potential class members not being property owners, property records would be insufficient to determine the extent of the class. Defendants conflate sufficiency with limitation. While the Court found the class in *Denney* to be ascertainable by public property records or tax records, it did not state that more thorough means could not be used to ascertain persons residing in the homes as well.

Property records can sufficiently ascertain property owners within an area. However, non-property owners within the area are not rendered unascertainable merely because they do not show up in a public property search. For example, individuals leasing or renting would not show up as the record property owner. This does not mean, however, that the parties have no way of ascertaining those individuals. Leases, rental agreements, and tax records would show any of the non-property-owning residents within the class. Therefore, the Court is satisfied that Plaintiffs have objectively defined the proposed class.

**B.     The Rule 23(a) Requirements**

Pursuant to Rule 23, the named parties of a class of plaintiffs may sue on behalf of all the members of a class if:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Although Plaintiffs ultimately bear the burden of showing that the Rule 23 requirements are met, this Court must engage in its own "rigorous analysis" to ensure that certification is appropriate. *See Santiago v. City of Chi.*, 19 F.4th 1010, 1016 (7th Cir. 2021). Because Plaintiffs seek to certify two subclasses, each of the subclasses must independently meet the requirements of Rule 23(a). *See* Fed. R. Civ. P. 23(c)(5); *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 368 (7th Cir. 2012) ("[A]s long as each subclass is homogeneous, in the sense that every member of the subclass wants the same relief, and each subclass otherwise satisfies the requirements for certifying a class, so that each could be the plaintiff class in a separate class action, there is no objection to combining them in a single class action."). The Court will address each Rule 23(a) element in turn.

### 1.  **Numerosity**

Defendants argue that Plaintiffs have failed to show sufficient numerosity and that joinder of all class members is impractical (Filing No. 127 at 26). "Mere allegations that a class action would make litigation easier for a plaintiff are not enough to satisfy Rule 23(a)(1)." *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 777 (7th Cir. 2021). The rule requires that "the class must be so numerous that joinder of all class members is impracticable." *Jones v. Blinziner*, 536 F. Supp. 1181, 1189 (N.D. Ind. 1982). "While 'impracticable' does not mean 'impossible,' a class representative must show 'that it is extremely difficult or inconvenient to join all the members of the class.'" *Anderson*, 986 F.3d at 777 (quoting 7A C. Wright & A. Miller, *Federal Practice & Procedure* § 1762 (3d ed.)).

In the Seventh Circuit, "a forty-member class is often regarded as sufficient to meet the numerosity requirement," though the proper focus should be the "practicability of joinder" rather

than the number of putative class members. *Id.* This determination requires evaluation of "'the nature of the action, the size of the individual claims, and the location of the members of the class or the property that is the subject matter of the dispute.'" *Id.* (quoting 7A C. Wright & A. Miller, *Federal Practice & Procedure* § 1762 (3d ed.)). Here, Plaintiffs seek to certify a class of approximately 2,000 persons who resided in a close geographic area.

Defendants again cite the Court's decision in *Denney v. Amphenol Corp.*, 2023 U.S. Dist. LEXIS 171306. Defendants contend the Plaintiffs fail to satisfy Rule 23(a) because, similarly to *Denney*, all proposed class members live within a mile from one another and within a mile from the courthouse and that this weighs against class certification ([Filing No. 127 at 28](#)). While proximity is one factor the Court considers, it is not the only factor. In *Denney*, the plaintiffs sought to certify two classes—one of 69 properties and another of 794 properties. 2023 U.S. Dist. LEXIS 171306, at *26. The Court found against numerosity not only because of close proximity, but also because the proposed class was just 863 properties, making service on the potential plaintiffs straightforward. *Id.* at *25. In addition, the Court found the numerosity element unsatisfied because the plaintiffs "offered no evidence to indicate that potential plaintiffs do not have the financial means or lack financial motivation to prosecute suits." *Id.* The Court found that these factors outweighed the concerns of judicial economy, causing the numerosity element to be unsatisfied. *Id.* at *26.

Here, the Court is satisfied that joinder is impracticable. First, based on the State Fire Marshal's report, over 2,000 residents were evacuated from their homes due to the fire. This number is more than double the 863 properties the plaintiffs sought to certify in *Denney*. Even if, as Defendants argue, all 2,000 possible class members lived within a mile from the courthouse, which is not impossible, such a large number of individual claimants would be impractical. And

here, many of the proposed class members are likely minors, who likely lack the financial means or ability to prosecute their own claims. Unlike in *Denney*, where the plaintiffs offered "no evidence to indicate that potential plaintiffs do not have the financial means or lack financial motivation to prosecute suits," *id.* at *25, the Plaintiffs in this case have provided sufficient evidence that potential claimants would include minors, not just property owners.

Additionally, Plaintiffs in this case went a step further by offering evidence on the size of the Plaintiffs' and potential plaintiffs' claims. Specifically, Plaintiffs provide a breakdown of Stokes' out of pocket expenses, which totaled less than $1,000.00 (Filing No. 117 at 26). Thus, the size of the individual claims would likely cause some of the Plaintiffs and potential plaintiffs to conclude that legal action is financially unjustifiable.

While the Court agrees with Defendants that the class members' proximity to a courthouse weighs against a finding of numerosity, the Court finds that the size of the potential class, the size of the potential claims, and the lack of ability for some of the potential class members to pursue their claims outside of a class action weigh in favor of a finding that Plaintiffs have satisfied this requirement.

The separation of the class into two subclasses does not disturb this finding, as both subclasses satisfy the numerosity requirement for the same reasons above. Although it is a close call, the inefficiency of a 2,000-person joinder persuades the Court that this element is met.

## 2. **Commonality and Typicality**

Defendants contend that Plaintiffs have not satisfied the commonality and typicality requirements because they fail to designate any evidence, through expert opinion or otherwise, as to what kinds of damages were suffered by members of the proposed class at large (Filing No. 126 at 16). The Court disagrees.

To satisfy the commonality requirement, the claims of the proposed class members "must depend upon a common contention that is capable of class-wide resolution." *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chi.*, 797 F.3d 426, 434 (7th Cir. 2015). A "common nucleus of operative fact" generally fulfills this requirement. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). This common nucleus is typically found "where the defendant has engaged in some standardized conduct toward the proposed class members." *Mejdreck v. Lockformer Co.*, No. 01 C 6107, 2002 U.S. Dist. LEXIS 14785, at *8–9 (N.D. Ill Aug. 12, 2002), *aff'd sub nom.*, *Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910 (7th Cir. 2003).

Typicality is satisfied if the named representative's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [the] claims are based on the same legal theory." *Rosario*, 963 F.2d at 1018. "[T]here must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano v. Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011).

### a. **Commonality**

Plaintiffs assert that the entire class has damage claims arising from the same common facts with respect to the liability of Defendants (Filing No. 123 at 9). Plaintiffs argue that all class members have a common need to prove that Defendants were negligent or otherwise liable for the following: (1) the manner in which Defendants maintained or stored combustible materials on 358, 310, and 308; (2) that the materials and condition of the properties presented a fire hazard for which Defendants had been previously warned; (3) that the sheer volume of the materials posed a nuisance; and (4) causing the fire, given that the combustible material allowed the fire to evolve resulting in the evacuation. *Id.* Plaintiffs further assert that all class members will need to prove

that the City of Richmond had notice of the fire hazard on 358 and 310, had the power and authority to remediate the unsafe conditions, allowed Cornerstone to continue its operations on 358 and 310, allowed the fire hazard to remain on the property, and is liable for allowing the nuisance to continue.

Defendants argue that Plaintiffs merely assume that the class will have common answers because the evacuation order was a precautionary order and encompassed many homes, some of which may not have been evacuated (Filing No. 127 at 30–31). Defendants contend that because some of the homes were not evacuated, and because some of the homes may not have encountered smoke or debris, each of the common questions will have unique answers for each of the class members. However, a class will often include persons who have not been injured by a defendant's conduct, but this possibility does not preclude class certification. *Kohen v. Pacific Invest. Mtg. Co., LLC*, 571 F.3d 672, 677 (7th Cir. 2009). Further, at this stage, Plaintiffs need not prove damages— that will be determined by the factfinder. *In re IKO Roofing Shingle Prods. Liab. Litig.*, 757 F.3d 599, 602 (7th Cir. 2014) (stating commonality of damages is not required in class action suits); *see also Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010) (stating the need for individual proof alone does not necessarily preclude class certification). "Neither Rule 23 nor any gloss that decided cases have added to it requires that every question be common. It is routine in class actions to have a final phase in which individualized proof must be submitted." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014). "[I]f commonality of damages were also essential, 'then class actions about consumer products are impossible.'" *Id.* (quoting *IKO Roofing*, 757 F.3d at 602).

Here, Plaintiffs allege Defendants engaged in the same wrongful conduct towards all class members. Further, for class members to recover, they will all need to prove that Defendants were

negligent or otherwise liable in the way they handled combustible materials and allowed the fire to occur, thus requiring common answers. That is, whether Defendants were negligent or whether they are otherwise liable. As discussed above, the inevitability that some class members may have different damages does not disturb a finding of commonality. The Court is therefore satisfied that the commonality element is met. Each of the subclasses meets the commonality element for the same reasons.

### b. **Typicality**

"A claim is typical if it 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [plaintiffs'] claims are based on the same legal theory.'" *Oshana*, 472 F.3d at 514. "Although '[t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members,' the requirement 'primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large.'" *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (alteration in original) (quoting *De La Fuente v. Stokely-Van-Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)).

Defendants argue that neither Stokes nor Craig is pursuing claims for personal injury or other medical expenses, and as a result, their claims are not typical of the proposed class (Filing No. 126 at 18). However, as with the commonality element, Defendants focus on the typicality of damages rather than the claims. The mere fact that the named Plaintiffs may not be able to prove personal injury damages does not foreclose the Court from certifying the class and subclasses. The two proposed subclass members' claims all rely on the same legal theories, and the claims arose from the same course of conduct by Defendants. Thus, for the same reasons the commonality

requirement was met, the typicality requirement is also met for both the class as a whole and each of the two subclasses.

### 3. **Adequacy**

To satisfy the adequacy element, a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequacy of representation is composed of two parts: the adequacy of the named plaintiff[s'] counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest of the class members." *Retired Chi. Police Ass'n* , 7 F.3d at 598 (citation modified). "In order to be an adequate representative, the named plaintiff[s] must 'be part of the class and possess the same interest and suffer the same injury as the class members.'" *Conrad v. Boiron, Inc.*, 869 F.3d 536, 539 (7th Cir. 2017) (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 625–26 (1997)).

Here, the Court finds that each subclass individually satisfies this requirement. First, the Court has no reason to doubt Plaintiffs' counsel, and the Court is unaware of any conflicts that would prevent class certification following the withdrawal of Crossen Law Firm (*see* Filing No. 203).

Second, Defendants argue that Craig cannot bring a private nuisance claim, which the Second Amended Complaint alleges, because he is not a property owner. *Hutchens v. MP Realty Grp.*, 654 N.E.2d 35, 38 (Ind. Ct. App. 1995) (holding that under Indiana law, a private nuisance action may only be brought by those with a proprietary interest in land). Defendants contend that due to this inability, Craig will not adequately represent the classes' interests. However, the Court finds that the separation of the class into subclasses resolves any issues. Any claims requiring the claimant to be an owner, such as the claims for private nuisance, will be solely asserted by the Owner subclass in addition to the rest of the claims the class asserts. The Non-Owner subclass, by

contrast, will pursue only those claims for which ownership is not a prerequisite. Further, because each named Plaintiff resides in one of the two subclasses, the Court is satisfied that they each possess the same interest and suffered the same injury as their respective subclasses. Accordingly, the Court finds that they will each adequately represent the subclasses, and this element is satisfied.

## C.    The Rule 23(b)(3) Requirements

For class certification to be proper, Plaintiffs must also show that the circumstances of their case are such that one of the three available options for class certification under subsection (b) of the rule applies. Plaintiffs ask the Court to certify both classes pursuant to Rule 23(b)(3). Under Rule 23(b)(3), Plaintiffs must show that questions of law or fact common to the class members predominate over any questions affecting individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). The burden is on Plaintiffs to demonstrate, by a preponderance of the evidence, that they have met each requirement of Rule 23. *Messner*, 669 F.3d at 811.

### 1.    Predominance

The predominance requirement is related to commonality in that common questions must exist class-wide, but "the predominance criterion is far more demanding." *Amchem*, 521 U.S. at 623–24. To meet this requirement, Plaintiffs must show "'common questions represent a significant aspect of [their] case and . . . can be resolved for all members of [the] class in a single adjudication.'" *Messner*, 669 F.3d at 815 (omission in original) (quoting 7AA Wright & Miller, *Federal Practice & Procedure* § 1778 (3d ed. 2011)). Predominance is "a qualitative rather than a quantitative concept. It is not determined simply by counting noses: that is, determining whether there are more common issues or more individual issues, regardless of relative importance." *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014).

In *Mejdrech v. Met-Coil Systems Corp.*, a class of residents located within a one-mile radius of a factory alleged contaminants from defendant's factory leaked into the soil and groundwater, which then migrated to the nearby residential area. 319 F.3d 910 (7th Cir. 2003). There, the defendant argued that various causation issues, like the varying degree of contaminations on each property, precluded class certification. *Id.* at 911. The Seventh Circuit affirmed the district court in finding that common issues predominated because "[t]he questions whether Met-Coil leaked TCE in violation of law and whether the TCE reached the soil and groundwater beneath the homes of the class members are common to all the class members." *Id.*; *see also Pella Corp.*, 606 F.3d at 394–95 (noting that even though class members still must prove individual issues of causation and damages, this does not prevent class certification). The Seventh Circuit in *Mejdrech* explained its reasoning stating,

> If there are genuinely common issues, issues identical across all the claimants, issues moreover the accuracy of the resolution of which is unlikely to be enhanced by repeated proceedings, then it makes good sense, especially when the class is large, to resolve those issues in one fell swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings.

319 F.3d at 911.

Here, like in *Mejdrech*, the common issues predominate over the individual issues. There are common issues across all claimants in each subclass, and the accuracy of the resolution is unlikely to be enhanced by requiring repeated proceedings. Moreover, the issues of whether Defendants negligently conducted ultra-hazardous activities, caused a private nuisance, negligently trespassed, and battered the residents are common to the Owner subclass members; and the issues of negligence, negligent trespass, and battery are common to the Non-Owner subclass. While individuals may still have to prove individual causation and damages, this does not preclude class certification. As stated above, it is common to have a final phase in which

individualized proof must be submitted. *Suchanek*, 764 F.3d at 756. Accordingly, the Court finds that this element is met.

### 2. **Superiority**

In addition to establishing that common issues predominate over individual ones, Plaintiffs seeking class certification under Rule 23(b)(3) must show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This requirement is satisfied "'if a class action would achieve economies of time, effort, and expense and promote . . . uniformity of decisions as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Bruzek v. Husky Oil Operations Ltd.*, 520 F. Supp. 3d 1079, 1099 (W.D. Wis. Feb. 19, 2021) (omission in original) (quoting *Amchem*, 521 U.S. at 615). To determine superiority, the Court considers:

(A)    the class members' interests in individually controlling the prosecution or defense of separate actions;

(B)    the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C)    the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D)    the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Here, the factors above weigh in favor of superiority. First, with all class members having similar claims depending on whether Defendants were negligent, it is unlikely that the class members will have a strong interest in individually controlling the prosecution of separate actions. It is important that the claims of each class member, such as loss of use and enjoyment, private nuisance, trespass, and battery, appear too small to justify legal action on their own. In addition, some of the claimants are minors who are even less likely to have an interest in individually

controlling the prosecution. Indeed, denying class certification would likely prove to be an insurmountable roadblock for the minor class members. And even if some of the claims are large enough to justify their own legal action, a determination as to Defendants' liability for the fire is far more efficient than individual trials for up to 2,000 individuals. This factor weighs in favor of superiority.

Second, while Defendants contend that one other claimant who lives within a half-mile radius of the fire has filed a lawsuit, that lawsuit is by an individual and his business. Such a claimant would not fall within the class definition as he does not "reside" in his business as the class definition requires. Accordingly, a lawsuit of that nature would occur regardless of whether the class is certified. Moreover, a single individual choosing to file a separate action does not tip the scale against superiority. This factor therefore weighs in favor of superiority.

Third, concentrating the claims in this forum is desirable. All possible class members reside in Indiana. Accordingly, the Court finds this to be the proper forum for the lawsuit.

Finally, the Court does not believe that managing the class action will be overly difficult enough to cause a finding against superiority. If anything, the Court believes that individual trials would cause greater difficulties and expend more judicial resources than necessary. Accordingly, the Court finds that the above factors weigh in favor of superiority and this element is satisfied.

The Court finds that Plaintiffs have satisfied all elements of Rule 23(a) and Rule 23(b)(3) and concludes that class certification is appropriate.

### D.  **Class Counsel**

Plaintiffs' counsel requests to be appointed as class counsel pursuant to Federal Rule of Civil Procedure 23(g), and Defendants do not object in any of their briefing (Filing No. 117 at 27–

20

28). Rule 23(g)(1) states that "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel." In appointing class counsel, the Court is required to consider:

(i)     the work counsel has done in identifying or investigating potential claims in the action;

(ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)   counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (g)(1)(B).

Here, John Smalley, lead counsel for Plaintiffs, has significant experience in personal injury and class action litigation. He has nearly forty years of civil and complex litigation experience, including several class actions (Filing No. 118-5 at 2). Plaintiffs' counsel's considerable experience in civil litigation, complex litigation, and class action cases supports their selection as class counsel. *See In re: Generac Solar Power Sys. Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 23-MD-3078, 2023 U.S. Dist. LEXIS 163785, at *2 (E.D. Wis. July 18, 2023) (appointing counsel that had "experience with complex litigation that is close to the subject matter of the present suit").

## IV.     CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Strike (Filing No. 140) and **GRANTS** Defendants' Motion to File a Supplemental Appendix (Filing No. 177). Having found that Plaintiffs satisfy all elements of Rule 23(a) and Rule 23(b)(3), for the reasons stated above, the Court **GRANTS** Plaintiffs' Motion to Certify Class (Filing No. 116).

Further, pursuant to Rule 23(g), the Court **DESIGNATES** John A. Smalley of Dyer Garofalo Mann & Schultz as lead class counsel.

**SO ORDERED**.

Date:   9/29/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MY-WAY TRADING, INC.
c/o Seth Smith
P.O. Box 1282
308 NW F St.
Richmond, IN 47374
plasticman1@earthlink.net

Benjamin D. Felton
DYER GAROFALO MANN & SCHULTZ
bfelton@dgmslaw.com

Arie J. Lipinski
Lipinski Law
lipinski@lipinski-law.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Jackson Lee Schroeder
Bose McKinney & Evans LLP
jschroeder@boselaw.com

John Smalley
Dyer, Garofalo, Mann, & Schultz
jsmalley@dgmslaw.com

Brad R. Sugarman
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bsugarman@boselaw.com

Seth M. Thomas
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sthomas@boselaw.com