UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TUSHAWN CRAIG, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:23-cv-01575-TWP-MJD |
| | ) |
| CORNERSTONE TRADING GROUP, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING CORNERSTONE DEFENDANTS' MOTIONS FOR LEAVE TO BELATEDLY AMEND THEIR FINAL WITNESS AND EXHIBIT LISTS**

Defendants Cornerstone Trading Group LLC, My-Way Trading Inc., and Seth Smith (collectively "Cornerstone Defendants") have filed two motions for leave to belatedly amend their final witness and exhibit lists. [Dkts. 281 & 286.] Co-defendant and cross-claimant City of Richmond ("City") opposes these motions. For the reasons explained below, the motions are **DENIED**.

### I. Background

This class action arises from a fire at a recycling facility in Richmond, Indiana. [Dkt. 72 at ¶ 1.] The plaintiffs evacuated their homes because of the fire and are now suing Cornerstone Trading Group LLC ("Cornerstone") and Seth Smith, who owned the recycling facility, and the City, which owned the land on which the recycling facility was located. [*Id.* at ¶¶ 2, 4, 12-14.]

Cornerstone has filed crossclaims against the City, and the City has filed crossclaims against all three of the Cornerstone Defendants. [Dkt. 1-2 at 69-71; dkt. 77 at 24-34.]

The original deadline to file final witness and exhibit lists was May 13, 2025. [Dkt. 42 at 6.] As the case progressed, the Court repeatedly told the parties that "**no further enlargement of the current case management deadlines will be granted**," due to the unreasonably slow pace of the parties' discovery efforts. [Dkt. 75 at 1 (emphasis in original); dkt. 88 at 1 (emphasis in original).] Nevertheless, the Court did extend the deadline to file final witness and exhibit lists to July 15, 2025, as well as other case management deadlines. [Dkt. 138.] In the Order extending those deadlines, the Court provided the following detailed instructions for any future motion to amend a party's final witness and exhibit list:

> If a **party** identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that **party** shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

[*Id.* at 2-3 n.2 (emphasis added).]

On February 12, 2025, counsel for the Cornerstone Defendants moved to withdraw, citing missed payments dating back to September 2024. [Dkt. 162 at ¶ 3.] The Court granted the motion to withdraw and ordered Cornerstone and My-Way Trading, Inc. to obtain substitute counsel by March 28, 2025, or show cause why they should not be found in default.[1] [Dkt. 168, 169.]

On March 27, 2025, attorney Arie Lipinski appeared as new counsel for the Cornerstone Defendants. [Dkt. 170.] Three weeks later, the Cornerstone Defendants moved to extend

---

[1] Unlike Defendant Seth Smith, Cornerstone and My-Way Trading, Inc. are entities and may not represent themselves in court. See *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("Corporations unlike human beings are not permitted to litigate pro se") (collecting cases).

2

numerous case management deadlines by sixty days due to Mr. Lipinski's inability to complete the tasks related to those deadlines within the time allowed. [Dkt. 179.] They did not move to amend the deadline to file final witness and exhibit lists in that motion. [*Id.*] The Court granted that motion in part and extended certain deadlines by approximately thirty days. [Dkt. 183.]

On July 10, 2025, the Court denied a motion by the City and the Cornerstone Defendants to extend the deadline to file final witness and exhibit lists. [Dkt. 260.] Ultimately, all parties filed their final witness and exhibit lists on July 15, 2025. [Dkts. 263-65.]

The Cornerstone Defendants filed a motion to belatedly amend their final witness and exhibit lists on August 29, 2025. [Dkt. 281.] They filed a second motion to belatedly amend their final witness and exhibit lists on September 18, 2025. [Dkt. 286.] The specific arguments in those motions will be addressed in Section III below, but in general, the motions are premised on the alleged unreasonableness of the Court's case management deadlines in light of Mr. Lipinski's status as a solo practitioner and his midstream appearance into this case earlier this year. The City opposes both motions, which are now ripe for the Court's review. [Dkts. 284; 285; 288; 292.]

## II. Legal Standard

Under Federal Rule of Civil Procedure 16(b)(4), the moving party must show "good cause" to amend a deadline in the trial court's scheduling order. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) The "good-cause standard focuses on the diligence of the party seeking amendment, not the prejudice to the nonmoving party." *Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 627-28 (7th Cir. 2013); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment.").

3

### III. Discussion

In their first motion to amend, the Cornerstone Defendants seek to add four witnesses and fourteen exhibits to their final witness and exhibit lists. [Dkt. 281 at ¶¶ 4, 5.] It is unclear precisely when the Cornerstone Defendants became aware of these additional witnesses and exhibits. Mr. Lipinski states that he inadvertently omitted one witness, George Sowers, when he filed the final witness list on July 15, 2025, and that his clients had informed him of the other three witnesses **several weeks** before he filed the present motion. [*Id.* ¶¶ 2-3.] Mr. Lipinski concedes that "[m]ost, if not all, of the additional exhibits had been produced in discovery, but [he] was unaware of their existence until **several days** after he filed the Final Witness and Exhibit List." [*Id.* at ¶ 3 (emphasis added).]

In the second motion to amend, the Cornerstone Defendants seek to add messages that were left on Defendant Seth Smith's voicemail, as well as transcripts of those messages and a photograph showing the dates and times of those messages. [Dkt. 286 at ¶ 4.] The messages are dated November 4, 2020, December 1, 2020, December 20, 2020, and January 14, 2021. [*Id.*] Mr. Lipinski received these messages from his clients in September, 2025. [*Id.* at ¶¶ 2-3.]

The Cornerstone Defendants argue that Mr. Lipinski, who is a solo practitioner, did not have the time and resources to review the voluminous discovery materials and meet and confer with his clients before the deadline to file their final witness and exhibit lists. [Dkt. 285 at ¶ 3.] They state that, "although Mr. Lipinski chose to represent Cornerstone Defendants and accepted the circumstances that come with such representation, he likely would not have appeared if he had known that case management deadlines were so concrete that they would prejudice his ability to

4

defend Cornerstone Defendants and put him at risk for malpractice if his work is not flawless despite the magnitude of this litigation." [*Id.* (cleaned up)]

The Court is unpersuaded by the Cornerstone Defendants' arguments. By his own admission, Mr. Lipinski lacks the resources to defend his clients in a case of this magnitude—a case that no one, least of all the Court, forced him to accept. A simple review of the record would have shown Mr. Lipinski that the Court was unlikely to extend the case management deadlines due to the parties' slow pace of discovery. [Dkt. 75 at 1; dkt. 88 at 1.] Despite this reluctance, the Court has extended certain case management deadlines twice—once before Mr. Lipinski appeared, and a second time to accommodate his recent appearance in this case. [Dkts. 138; 183.] Thus, the Court disagrees with Mr. Lipinski's assessment that the case management deadlines are unreasonably "concrete," or that he was somehow blindsided by his obligations to meet the deadlines in this case.

If the Court has little sympathy for the position Mr. Lipinski finds himself in, it has even less for the Cornerstone Defendants. As the Court has previously stated, "The withdrawal of the Cornerstone Defendants' prior counsel, and the delay in engaging replacement counsel, were choices made by the Cornerstone Defendants," and those choices do not entitle them to belatedly amend their final witness and exhibit lists more than two months after that deadline had already passed. [Dkt. 183 at 1.]

Finally, the Cornerstone Defendants have not followed the Court's detailed instructions for filing a motion to belatedly amend a final witness and exhibit list. Those instructions provide that if "a **party** identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that **party** shall immediately file a motion for leave to amend their final witness and/or exhibit list" and "identify therein when the witness or exhibit was first identified

5

and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph." [Dkt. 138 at 2-3 n.2 (emphasis added).] In their motions to amend, the Cornerstone Defendants focus on when Mr. Lipinski was made aware of certain witnesses and exhibits, but clearly the Cornerstone Defendants, *i.e.*, the "parties," knew about these witnesses and exhibits long before they advised Mr. Lipinski of them and long before the deadline to file their final witness and exhibit lists had passed. The four messages at issue were left on Defendant Seth Smith's voicemail between November 2020 and January 2021. [Dkt. 286 at ¶ 4.] The remaining exhibits were provided during the course of discovery. [Dkt. 281 at ¶ 3.] One witness (Billie Johnson) was listed in the plaintiffs' initial disclosures. [Dkt. 284-3 at 12.] A second witness (Gary Kleer) was identified in a discovery document long before the deadline passed. [Dkt. 284-1.] A third witness (Randall Smith) left messages on Defendant Seth Smith's voicemail in 2020 and 2021. [Dkt. 286 at ¶ 4.] And the fourth witness (George Sowers) was simply omitted from the final witness list in an oversight by Mr. Lipinski. [Dkt. 281 at ¶ 2.] Thus, the Cornerstone Defendants, either personally or through their current and prior counsel, knew about each witness and exhibit long before the deadline to file their final witness and exhibit lists had passed.

This lawsuit did not start fresh when the Cornerstone Defendants obtained new counsel. To the contrary, their obligations under the case management plan remained ongoing, and the hole they dug for themselves through their early inactivity was not backfilled by Mr. Lipinski's appearance. The Court previously extended certain case management deadlines to give Mr. Lipinski time to get up to speed, but the requests currently before the Court are simply not supported by any measure of good cause. Accordingly, the Cornerstone Defendants' motions to belatedly amend their final witness and exhibit lists are **DENIED**.

### IV. Conclusion

For the reasons explained above, the Cornerstone Defendants' motions to belatedly amend their final witness and exhibit lists [Dkts. 281 & 286] are **DENIED**.

SO ORDERED.

Dated:  9 OCT 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.