**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TUSHAWN CRAIG,<br>MARQUETTA STOKES,<br><br>        Plaintiffs,<br><br>        v.<br><br>CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>CITY OF RICHMOND, INDIANA,<br><br>        Defendants. | No. 1:23-cv-01575-TWP-MJD |
| CITY OF RICHMOND, INDIANA,<br>CITY OF RICHMOND, INDIANA,<br><br>        Cross Claimants,<br><br>        v.<br><br>CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>MY-WAY TRADING, INC.,<br><br>        Cross Defendants. | |
| CORNERSTONE TRADING GROUP, LLC,<br><br>        Third Party Plaintiff,<br><br>        v.<br><br>CITY OF RICHMOND, INDIANA,<br><br>        Third Party Defendant. | |
| ALLEN WELLMAN HARVEY KEYES<br>COOLEY, LLP,<br><br>        Interested Party. | |

## <u>ORDER APPROVING CLASS NOTICE PLAN AND CLASS NOTICE</u>

This matter is before the Court on submissions of a Class Notice Plan and Class Notice by both Plaintiffs Tushawn Craig and Marquetta Stokes on behalf of themselves and all others similarly situated (collectively, the "Plaintiffs") (Filing No. 329) and Defendant City of Richmond, Indiana (the "City") (Filing No. 328). The Court previously certified the following class: Those persons who resided within a half-mile radius evacuation zone around the fire at 358, 310, and 308 NW F Street from April 11 through April 16, 2023 (the "Class") (Filing No. 287 at 7). The Court previously granted in part and denied in part the Plaintiffs' Motion for Approval of Class Notice and Notice Plan (Filing No. 326 at 9). The Court granted the issuance of the Class Notice and approved the Notice Plan insofar as the method of dissemination via direct mail, direct email, supplemental digital notice, supplemental print notice, a case specific website, a toll-free phone number, and a dedicated post office box. *Id*. at 7. However, the Court ordered the parties to confer as to the form and content of the Class Notice and the scope of the Notice Plan—specifically, who would receive the Class Notice. *Id*. at 9. The parties were to submit an Agreed Notice and Notice Plan, or, if they could not agree, each submit their own Class Notice and Notice Plan by Friday, June 19, 2026. *Id*.

On Monday, June 22, 2026, the parties each submitted their own Class Notice Plans and Class Notices (Filing No. 328, Filing No. 329), stating that they still could not agree. Accordingly, the Court **approves as modified** the City's proposed form and content of the Class Notice documents and **approves** the Plaintiffs' Notice Plan as to who will receive the Class Notice as outlined below.

2

## I.    DISCUSSION

The parties were unable to agree on either the form and content of the Class Notice documents or the Class Notice Plan. The Court will address each in turn.

### A.    Form and Content of the Class Notice Documents

The Plaintiffs submitted their proposed Class Notice (Filing No. 329). The Class Notice includes a long form notice (Filing No. 329-3), postcard notice (Filing No. 329-4), email notice (Filing No. 329-5), digital ad notice (Filing No. 329-6), and print ad notice (Filing No. 329-7). The City takes issue with the form and content of the Class Notice documents for two reasons: (1) the Class Notice alters the certified class; and (2) the Class Notice documents fail to explain what will be required of individuals who elect not to opt-out of the class (Filing No. 328 at 4–5, 7–8). The Court will address each in turn.

#### 1.    The Certified Class

The City first contends that the Plaintiffs Class Notice documents, which list the Class as those individuals who "resided within the half mile evacuation zone surrounding 308, 310, and 358 NW F Street, Richmond, Indiana, from April 11 through April 16, 2023[,]" attempt to alter the Class such that it is inconsistent with Plaintiffs class briefing and the Court's Order Certifying the Class. The City argues that to be a member of the Class an individual must both have resided in the evacuation zone *and* evacuated during April 11 through April 16, 2023 (Filing No. 328 at 5). This argument is easy to dispel as the Court has previously rejected it.

The Court has specifically stated in at least three separate orders—the Order Certifying the Class, the Order Denying Decertification, and the Order on the Motion for Approval of Class Notice and Notice Plan—that the Class includes those individuals who resided in the half mile evacuation zone during April 11 through April 16, 2023. The Court has never stated that the Class

was limited solely to those who resided in the evacuation area and who physically evacuated their homes. Indeed, the Court explicitly recognized that Plaintiffs' claims were not based on being physically evacuated from their homes (Filing No. 324 at 27). Moreover, the Plaintiffs proposed Class follows the Court's Order Certifying the Class and the Court's Order Denying Decertification verbatim. Thus, whether a simple misreading of the Court's Orders or an attempt to limit the Class despite the Court's rejection of such limitation disguised as mere disagreement, the City's assertion that membership in the Class requires that the individual was evacuated is without merit. Accordingly, the City's proposed modification requesting the Class be limited to individuals who physically evacuated is **overruled**.

### 2. **Individual Requirements**

The City next asserts that the Plaintiffs' Class Notice documents are misleading because they fail to explain what will be required of individuals who elect not to opt-out of the class (Filing No. 328 at 7). The City contends that the potential Class members must be informed that they will be required to participate in additional proceedings to establish membership in the class and to present evidence to establish their claims, and, if they fail to do so, their recovery will be barred. *Id*. The Court agrees and finds this modification appropriate.

Specifically, the Court previously stated that Rule 23(c)(2)(B) does not require an in-depth discussion of the claims, but it does at least require informing Class members that a recovery may require participation in individual proceedings (Filing No. 326 at 5). Accordingly, the Court agrees that the City's proposed modifications concerning individual requirements are necessary and those modifications are **approved**. After considering the parties' submissions, the Court also finds that the City's typographical corrections to be warranted and thus, those are **approved** as well.

Accordingly, the City's proposed form and content of the notices (Filing No. 328-1, Filing No. 328-2, Filing No. 328-3, Filing No. 328-4, Filing No. 328-5) are **approved as modified** above. The City's modifications are approved except that the Class definition, and any language discussing inclusion in the Class, must read that an individual is a Class Member if they "resided within the half-mile evacuation zone surrounding 308, 310, and 358 NW F Street, Richmond, Indiana, from April 11 through April 16, 2023."

**B.    Notice Plan – Who Will Receive Notice**

The Plaintiffs submitted their Class Notice Plan which identifies 3,594 individuals who shall receive notice (Filing No. 329, Filing No. 318-8 at 2). The City takes issue with the Plaintiffs proposed Notice Plan contending that the methodology used to identify the 3,594 potential class members is flawed (Filing No. 328 at 5).

JND Legal Administration ("JND")—the Class Notice vendor used by Plaintiffs—states that its methodology included researching "available property records to identify residential properties and owner information" and then performing "advanced address research to identify potential name matches associated with those residential properties during the relevant period, April 11 through April 16, 2023." (Filing No. 318-8 at 2). The City contends that Plaintiffs clarified that the "advance address search" was conducted using TransUnions' "TLO service" but do not clarify whether this TLO service accurately identified individuals who resided in the evacuation zone (Filing No. 328 at 6).

The City further argues that Plaintiffs' over-inclusive list will increase the burden on the Court and the parties. The City proposes altering Plaintiffs' Notice Plan requiring JND to conduct additional research to determine whether the individuals identified by the TLO service actually meet the class definition. *Id*. The Court declines the City's proposal.

The parties have collectively delayed and disagreed long enough and the Court has admonished further delay (Filing No. 326 at 7). Indeed, the Court recently continued the Final Pretrial Conference and the Trial in part because the City persuasively argued that Class members would not have enough time to secure their own counsel and determine whether to opt out. *Id*.

Given that the Court will require all Class members to provide proof of both membership in the Class and individualized damages and that the Class Notice documents explain such requirements to all Class members who will receive notice, the Court **approves** dissemination of the Class Notice documents to the 3,594 identified individuals. The Court and the parties will already be required to cull the non-Class members from the Class should liability be found at trial. Accordingly, Plaintiffs' proposed dissemination list will not impose a much greater burden on the Court.

## II.    CONCLUSION

For the reasons stated above, the City's proposed form and content of the notices (Filing No. 328-1, Filing No. 328-2, Filing No. 328-3, Filing No. 328-4, Filing No. 328-5) are **APPROVED AS MODIFIED** above. The City's modifications are approved except that the Class definition, and any language discussing inclusion in the Class, must read that an individual is a Class Member if they "resided within the half mile evacuation zone surrounding 308, 310, and 358 NW F Street, Richmond, Indiana, from April 11 through April 16, 2023."

Further, the Plaintiffs' Notice Plan proposal (Filing No. 329) for dissemination to the 3,594 individuals identified by JND is **APPROVED**. Per the Court's prior Order (Filing No. 326 at 7), dissemination via direct mail, direct email, supplemental digital notice, supplemental print notice, a case specific website, a toll-free phone number, and a dedicated post office box is also **APPROVED**.

**SO ORDERED**.

Date:   6/24/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MY-WAY TRADING, INC.
c/o Seth Smith
P.O. Box 1282
308 NW F St.
Richmond, IN 47374
plasticman1@earthlink.net

Benjamin D. Felton
DYER GAROFALO MANN & SCHULTZ
bfelton@dgmslaw.com

Arie J. Lipinski
Lipinski Law
lipinski@lipinski-law.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Jackson Lee Schroeder
Bose McKinney & Evans LLP
jschroeder@boselaw.com

John Smalley
Dyer, Garofalo, Mann, & Schultz
jsmalley@dgmslaw.com

Brad R. Sugarman
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bsugarman@boselaw.com

Seth M. Thomas
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sthomas@boselaw.com