**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TUSHAWN CRAIG,<br>MARQUETTA STOKES,<br><br>    Plaintiffs,<br><br>    v.<br><br>CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>CITY OF RICHMOND, INDIANA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:23-cv-01575-TWP-MJD |
| CITY OF RICHMOND, INDIANA,<br>CITY OF RICHMOND, INDIANA,<br><br>    Cross Claimants,<br><br>    v.<br><br>CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>MY-WAY TRADING, INC.,<br><br>    Cross Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| CORNERSTONE TRADING GROUP, LLC,<br><br>    Third Party Plaintiff,<br><br>    v.<br><br>CITY OF RICHMOND, INDIANA,<br><br>    Third Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

ALLEN WELLMAN HARVEY KEYES          )
COOLEY, LLP,                                          )
                                                            )
                          Interested Party.        )

**ORDER ON MOTION TO EXCLUDE EMOTIONAL DISTRESS EVIDENCE**

This matter is before the Court on a Motion in *Limine* to Limit or Exclude Any Evidence or Argument Regarding Emotional Distress Damages and Headaches (Filing No. 344) filed by Defendant City of Richmond, Indiana (the "City"). Plaintiffs Tushawn Craig and Marquetta Stokes (together, "Plaintiffs") initiated this action on behalf of themselves and all others similarly situated (collectively, the "Class") alleging various claims against the City and Defendants Cornerstone Trading Group, LLC and Seth Smith (collectively, "Defendants") after a fire occurred at 308, 310, and 358 NW F Street Richmond, Indiana (collectively, the "Properties"), resulting in members of the Class being evacuated from their homes (Filing No. 1-2). The City owned the properties located at 310 and 358 NW F Street (the "310/358 Properties").

Plaintiffs' claims against Defendants are set to be tried by a jury on September 14, 2026. The City seeks a preliminary ruling from the Court regarding admissibility of evidence of Plaintiffs alleged emotional distress and personal injury damages. For the reasons discussed below, the Motion is **granted in part and denied in part**.

## I.        LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01.

Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Washington Frontier League Baseball, LLC v. Zimmerman*, No. 14-cv-1862, 2018 WL 3120623, at *2 (S.D. Ind. June 26, 2018).

## II.    DISCUSSION

The City seeks exclusion of evidence regarding emotional distress and personal injury damages such as headaches and anxiety that Plaintiffs may have suffered, due to smoke inhalation from the April 2023 fire. The Court will first address arguments concerning emotional distress damages before turning to personal injury damages.

### A.    Emotional Distress Damages

Indiana permits recovery for negligent infliction of emotional distress only in those circumstances involving an impact to the plaintiff's person under the "direct impact" rule or its progeny, the "modified impact" rule (Filing No. 345 at 9 (quoting *Ketchmark v. N. Ind. Pub. Serv. Co.*, 818 N.E.2d 522, 523 (Ind. Ct. App. 2004)). "The direct impact rule precluded recovery for the case in which a plaintiff experienced real mental stress in the absence of a physical injury." *Ketchmark*, 818 N.E.2d at 523. In 1991, however, the Indiana Supreme Court expanded the rule, creating what is now known as the "modified impact" rule. *Shuamber v. Henderson*, 579 N.E.2d 452 (Ind. 1991). In announcing the modified impact rule, the Indiana Supreme Court, while not requiring an actual physical injury caused by the impact, nevertheless required plaintiffs to

experience a direct impact and to establish that their emotional trauma is serious in nature and consistent with what would be expected to occur in a reasonable person:

> When . . . a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, we hold that such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

*Id*. at 456. The City points the Court to four cases—*Gorman v. I & M Electric Company*, 641 N.E.2s 1288 (Ind. Ct. App.), *Ketchmark*, 818 N.E.2d 522, *Hunter v. J&M Displays, Inc.*, 203 N.E.3d 518 (Ind. Ct. App. 2023), and *Atlantic Coast Airlines v. Cook*, 857 N.E.2d 989 (Ind. 2006)—arguing that Indiana law imposes a substantial threshold for showing a direct physical impact under the modified impact rule before emotional distress damages may be recovered. The City argues that these cases show that mere fear, concern, anxiety, uncertainty, frustration, or other distress from a fire is insufficient as a matter of Indiana law to establish a direct impact even under Indiana's modified impact rule (Filing No. 345 at 17). The City thus asks that the Court exclude evidence concerning emotional distress damages.

In Response, Plaintiffs assert that their evidence does not concern negligent infliction of emotional distress but instead concerns three distinct matters: temporary physical symptoms, the limited anxiety this Court expressly permitted at summary judgment, and the inconvenience, discomfort, annoyance, and interference with property use caused by the nuisance and evacuation, which would also include reasonable fear experienced by residents affected by the fire (Filing No. 367 at 11). Plaintiffs argue that their  headaches, anxiety, and coughing are physical effects of smoke exposure. They do not offer such symptoms as a substitute impact supporting recovery for a separate psychiatric injury; rather, they seek compensation for the symptoms themselves.

Plaintiffs state that they neither intend to introduce evidence of, nor seek damages for, diagnosed psychiatric disorders, permanent psychological impairment, generalized anxiety about future events, or lingering emotional trauma requiring expert causation testimony. Rather, their evidence will be confined to temporary anxiety associated with the fire, smoke, and evacuation (Filing No. 367 at 12). The Plaintiffs argue that the cases cited by the City are inapposite, and that the City's argument ignores that their claims arise in nuisance as well as negligence—and their nuisance claims may be supported by evidence of inconvenience, annoyance and discomfort. *Id*. at 14.

The case law supports both parties' positions. In *Cook*, airline passengers sought damages for lingering emotion distress arising from their fear of a terrorism incident in the wake of 9/11and the 2001 "Shoe Bomber" plot after another passenger lit a cigarette on board, stomped his feet around, and shouted in French, with the words "World Trade Center," "Americans," and "New York City" discernable to the plaintiffs. 857 N.E.2d at 996. The Cook plaintiffs specifically sought damages for the physical impact of breathing the smoke from the disruptive passenger's cigarette and experiencing the vibrations from his stomping in addition to experiencing physical effects on their vital body functions in increased breathing, sweating, pulse, heart rate, adrenaline, and acuteness of the senses. *Id*. at 998.

The Indiana Supreme Court was tasked with determining the degree of impact sufficient to satisfy the modified impact rule and stated as follows:

> [W]hen the courts have been satisfied that the facts of a particular case are such that the alleged mental anguish was not likely speculative, exaggerated, fictitious, or unforeseeable, then the claimant has been allowed to proceed with an emotional distress claim for damages even though the physical impact was slight, or the evidence of physical impact seemed to have been rather tenuous.

*Id*. at 996 (quoting *Bader v. Johnson*, 732 N.E.2d 1212, 1221 (Ind. 2000) (alteration in original) (citations omitted)). The Indiana Supreme Court noted that smelling cigarette smoke and feeling floor vibrations "at the very least stretche[d] the outer limits of the impact requirement[,]" and were, at most, tenuous. *Id*. at 999–1000.

Here, the smoke was not incidental to the alleged negligent conduct; rather, it was a direct product of the fire and the condition the Plaintiffs allege the City failed to correct. Plaintiffs limit their alleged damages to immediate physical effects and temporary anxiety which arose from the same large-scale fire that caused local officials to order the evacuation of thousands of residents.

In *Gorman*, the plaintiff alleged emotional distress after her house caught fire claiming that she suffered emotional injuries after mistakenly believing that her son remained inside the burning house. 641 N.E.2d at 1289–91. However, plaintiff conceded that the circumstances of her injury did not satisfy the impact rule announced in *Shuamber*. *Id*. at 1290. Instead, the plaintiff in *Gorman* asked that the court "revisit the impact requirement and either abolish the rule altogether or create an exception allowing [her] to present her claim to the jury." *Id*. The court refused to do either. *Id*.

Here, Plaintiffs do not concede that their injuries fail to satisfy the modified impact rule and do not advance damages theories based on mistakenly believing a relative was in peril or harmed. Instead, the Plaintiffs allege that they experienced the fire and resulting smoke firsthand, suffered temporary physical effects, and were compelled by local government to leave their home.

In *Ketchmark*, the plaintiffs brought a claim for negligent infliction of emotional distress after a natural gas explosion destroyed their home of forty-five years and all its contents. 818 N.E.2d at 522. Upon driving back to their home after an outing, the plaintiffs found emergency vehicles barricading their street and a neighbor informed them of a fire at their home. *Id*. at 523. The Indiana Court of Appeals affirmed the trial court's grant of summary judgment against the

plaintiffs, noting that "[w]e have generally refused to allow these damages where there has been only an economic loss." *Id*. at 525. The appeals court explained that "[e]ven if a person is directly involved in a property loss, we decline to extend liability for negligent infliction of emotional distress to those cases involving purely property loss and the concomitant distress caused by that loss." *Id*.

The City is correct that any evidence of emotional distress directly related to the possibility of destruction of Plaintiffs homes after evacuating does not satisfy the modified impact rule and therefore must be excluded. However, here, the Plaintiffs do not allege a generalized fear or anxiety resulting from the destruction or possibility of destruction of their homes. Plaintiffs allege personal injury and anxiety associated with the fire, smoke, and evacuation in the immediate sense.

In *Hunter*, the Indiana Court of Appeals found that the plaintiffs failed to satisfy the impact rule after a firework entered their home causing a fire. 203 N.E.3d at 523.  One of the plaintiff's "bed shook," she heard "dishes rattling" and she thought "what in the world." *Id*. at 519. Plaintiff then heard someone pounding on her door, and when she opened it, a man took ahold of her arm and walked her outside into the cul-de-sac. *Id*. She then observed smoke coming out of her garage, which ultimately was damaged by the fire. Plaintiff did not have any physical injuries because of the fire or report any injuries to the fire department. *Id*. The Indiana Court of Appeals concluded that the designated evidence did not constitute a direct physical impact and affirmed the trial court's grant of summary judgment against the plaintiffs. *Id*.

The four cases cited by the City demonstrate that Indiana law does not allow recovery for emotional distress about future events or possible property damage. Accordingly, the City's Motion is **granted** as to any evidence the Plaintiffs may attempt to introduce concerning post-fire emotional distress. However, Plaintiffs proffer that they do not intend to offer such evidence and

that "[t]heir evidence will be confined to temporary anxiety associated with the fire, smoke, and evacuation" consistent with the Court's Order on Pending Summary Judgment Motions (Filing No. 367 at 12). The City's Motion is therefore **denied** as to temporary anxiety associated with the fire, smoke, and evacuation.

Plaintiffs also point out that their claims arise in nuisance as well as negligence. Indiana's nuisance statute protects the comfortable enjoyment of life and property from conditions that are injurious to health, offensive to the sense, or obstructive of the free use of property. Ind. Code § 32-30-6-6. Plaintiffs argue that they must be able to present evidence concerning their nuisance claims and their intended evidence is not offered as proof of a freestanding negligent-infliction-of-emotional-distress claim, rather it establishes the consequences of the alleged nuisance. And fear for the safety of one's property is sufficient to constitute a nuisance if the evidence shows that fear was reasonably justified. *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 54 (Ind. Ct. App. 1993); *see also Woodsmall v. Lost Creek TP. Conservation Club, Inc.*, 933 N.E.2d 899, 904 (Ind. Ct. App. 2010) (quoting *Hays v. Hartfield L-P Gas*, 306 N.E.3d 373, 376 (1974)) ("A condition that reasonably causes a landowner to be in 'constant fear for the safety of his life or property is such a serious interference so as to constitute a nuisance.'"). Accordingly, the Plaintiffs may introduce evidence of their fear or anxiety concerning the safety of their properties in support of their nuisance claims, and the City's Motion is **denied** on these grounds as well.

**B.      Personal Injury Damages**

The City next argues that although the Court's summary judgment order suggests that Plaintiffs may be able to pursue damages for medical conditions within the common knowledge of a layperson, such as headaches and anxiety due to smoke inhalation from a large fire without expert testimony, Indiana law requires more (Filing No. 345 at 17).

8

Plaintiffs point out that the Court has already denied the City's prior motion asking that the Court reconsider its summary judgment order, and the City does so again this time in the form of a motion in *limine*. Continued disagreement with the Court's ruling is not a basis for obtaining a favorable result through a motion in *limine*. *See Zitzka v. Village of Westmont*, No. 07 C 0949, 2011 WL 4738249, at *9 (N.D. Ill. Oct. 7, 2011) ("Once again, we will not disturb a year-old summary judgment ruling in response to a motion for reconsideration disguised as a motion in *limine*."). But, even reaching the merits of the City's Motion, the Court once again disagrees.

The City asserts that under Indiana law, the exceptions to the general rule that expert medical testimony is required to prove causation in personal injury cases are limited to those circumstances where a plaintiff has an injury that is objective in nature. *Id*. at 18. In contrast, when the alleged injury is subjective in nature, the City argues plaintiff is required to prove causation through expert medical testimony. The City contends that Indiana state and federal cases illustrate this distinction and show that anxiety and headaches are the type of alleged injuries that require medical causation testimony, particularly where the plaintiff has pre-existing conditions. *Id*. at 18–19.

The City cites *Joseph v. Lowe's Home Center, Inc.*, 1:13-cv-1267, 2014 WL 12538130 (S.D. Ind. Dec. 23, 2014), where the plaintiff was struck on his head by falling pieces of limber while visiting a Lowe's store. *Id*. at *1. Following the incident, Joseph went to the hospital which listed his diagnoses as head abrasion and contusion of the back, with symptoms of pain, redness, tingling, and numbness. *Id*. In a doctor's visit one week later, Joesph reported that he had suffered a skull fracture and broken pinky finger and reported experiencing blurry vision and headaches. *Id*. at *2. This Court found that the injuries sustained by the Joesph, including a headache, general pain in the shoulder, pain in his hand, tingling, numbness, and vision difficulty, were subjective injuries

9

requiring expert medical testimony in part because of the plaintiff's extensive medical history which specifically included shoulder problems, vision problems, fainting, and hand pain. *Id*. at *4. Specifically, this Court stated that "[a] causal connection between a permanent condition, an injury, and a pre-existing injury or condition is a complicated medical question." *Id*.

The Court likened the facts in *Joseph* to those in *Topp v. Leffers*, 838 N.E.2d 1027, 1033 (Ind. Ct. App. 2005). *Topp* held that expert medical testimony to prove causation was required when woman with a history of neck and back pain who sought damages for aggravation of such pain after an automobile accident because discerning the causal connection between the accident and the resulting injuries was a complicated medical question beyond a layperson's understanding. *Id*.  Topp's medical history included carpal tunnel syndrome, arthritis, type 2 diabetes, and various surgeries on his neck, hand, foot, and heart, along with dizziness, a loss of consciousness on several occasions, numbness in his extremities, and had previously received medical treatment for blurred vision. *Id*. The Indiana Court of Appeals found that "[g]iven the nature of [plaintiff's] injuries and medical history, testimony from a lay witness is not enough." *Id*.

The City next points the Court to *Diocese of Fort Wayne S. Bend, Inc. v. Gallegos*, 203 N.E.3d 1080 (Ind. Ct. App. 2023), where the plaintiff, a 17-year-old student and diver on the Marian High School swim team, alleged injuries consisting of headaches, dizziness, and mental fogginess. *Id*. at 1086. During warmups at a swim meet, the plaintiff struck her head on a diving board and was assisted from the water. *Id*. at 1082. A trainer evaluated her and determined that she was not exhibiting signs of a concussion. *Id*. Based on that evaluation, the plaintiff was allowed to continue competing. *Id*. at 1082–83. However, later that day, the plaintiff experienced headaches, dizziness, and mental fogginess and was diagnosed at a hospital with a concussion and a broken nose. *Id*. at 1083.

The plaintiff sued the school alleging that school personnel were negligent because they should have recognized that she had suffered a concussion and that allowing her to continue participating aggravated her injuries and caused additional damages. *Id*. The school moved for summary judgment and designated expert testimony from a neurologist, who opined that plaintiff's continued participation in the swim meet did not exacerbate any concussion the plaintiff may have suffered. *Id*. The neurologist noted that the plaintiff had a pre-existing concussion history, attention deficit disorder, and migraine headaches. *Id*. The plaintiff did not submit contrary expert medical testimony and instead relied on her own affidavit. *Id*.

The Indiana Court of Appeals found that "[g]iven . . . [plaintiff's] pre-existing conditions and the nature of the injuries she now complains of, i.e., headaches, dizziness, and mental 'fogginess', we concluder that her injuries are subjective in nature." *Id*. at 1086 (citations omitted). The court explained that "[b]ecause [plaintiff's] injuries were subjective in nature, she was required to prove causation by way of expert medical testimony." *Id*. (citing *Topp*, 838 N.E.2d at 1033.

The cited case law indicates that expert medical testimony is required to prove causation when a plaintiff alleges continued subjective symptoms. Here, there is no indication that allegations of temporary injuries within a limited timeframe require the same. Indeed, the cited cases required expert medical testimony where the plaintiff sought to establish a medically complex aggravation, persistent impairment, or diagnosed injury that could not reliably be separated from prior conditions through ordinary experience. *See Gallegos*, 203 N.E.3d at 1085; *see also Topp*, 838 N.E.2d at 1033; *Joseph*, 2014 WL 12538130, at *4.

Plaintiffs explicitly state that they seek compensation only for temporary effects that occurred during or immediately after the fire and that fall within ordinary human experience and the Court has no reason to believe that Plaintiffs will not limit their testimony accordingly.

11

Consistent with the Court's prior Orders and because testimony concerning solely temporary effects that occurred during or immediately after the fire does not require expert medical testimony, the City's Motion is **denied** as to that evidence.

As previously ordered on summary judgment, the Plaintiffs may not recover damages for personal injuries or emotional distress concerning latent diseases or prolonged injuries occurring after the fire. Accordingly, the City's motion is **granted** as to that evidence. The City may also object should the Plaintiffs' testimony or evidence fail to comply with the limitations set out by the Court.

Because the Court finds that expert medical testimony is not required for the limited evidence the Plaintiffs intend to introduce, the Court need not discuss the City's proffered expert medical testimony rebutting Plaintiffs expected testimony. Nor does the Court need to address whether every member of the Class is required to submit their own medical expert testimony concerning the limited evidence to be introduced at trial.

### III.    CONCLUSION

For the reasons discussed above, the City's Motion in *Limine* to Limit or Exclude Any Evidence or Argument Regarding Emotional Distress Damage and Headaches (Filing No. 344) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **denied** as to evidence the Plaintiffs intend to introduce concerning alleged injuries such as headaches or anxiety which occurred during or immediately after the fire. The City may cross-examine or introduce their own evidence concerning the nature, frequency, and severity of their injuries and preexisting symptoms and may argue that a particular headache, cough, or episode of anxiety occurring during or immediately after the fire was attributable to another cause. This City may also object should the Plaintiffs fail to limit the contours of their testimony to only those alleged injuries such as

headaches and anxiety which occurred during or immediately after the fire. The Plaintiffs may also introduce evidence of fear or anxiety for the safety of their homes during the fire as it relates to their claims of nuisance.

The City's Motion is **granted** as to any evidence of emotional distress or personal injury that did not occur during or immediately after the fire.

**SO ORDERED**.

Date:  8/10/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MY-WAY TRADING, INC.
c/o Seth Smith
P.O. Box 1282
308 NW F St.
Richmond, IN 47374
plasticman1@earthlink.net

Benjamin D. Felton
DYER GAROFALO MANN & SCHULTZ
bfelton@dgmslaw.com

Arie J. Lipinski
Lipinski Law
lipinski@lipinski-law.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Jackson Lee Schroeder
Bose McKinney & Evans LLP
jschroeder@boselaw.com

John Smalley
Dyer, Garofalo, Mann, & Schultz
jsmalley@dgmslaw.com

Brad R. Sugarman
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bsugarman@boselaw.com

Seth M. Thomas
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sthomas@boselaw.com