**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

TUSHAWN CRAIG,
MARQUETTA STOKES,

Plaintiffs,

v.

CORNERSTONE TRADING GROUP, LLC,
SETH SMITH,
CITY OF RICHMOND, INDIANA,

Defendants.

---

CITY OF RICHMOND, INDIANA,
CITY OF RICHMOND, INDIANA,

Cross Claimants,

v.

CORNERSTONE TRADING GROUP, LLC,
SETH SMITH,
CORNERSTONE TRADING GROUP, LLC,
SETH SMITH,
MY-WAY TRADING, INC.,

Cross Defendants.

---

CORNERSTONE TRADING GROUP, LLC,

Third Party Plaintiff,

v.

CITY OF RICHMOND, INDIANA,

Third Party Defendant.

---

No. 1:23-cv-01575-TWP-MJD

ALLEN WELLMAN HARVEY KEYES COOLEY, LLP, )
)
)
Interested Party. )

**ENTRY ON CONTRIBUTORY NEGLIGENCE JURY INSTRUCTION**

This matter is before the Court on an oral motion made at the Final Pretrial Conference by Plaintiffs Tushawn Craig ("Craig") and Marquetta Stokes ("Stokes") (together, the "Plaintiffs"), asking the Court to exclude a contributory negligence defense as to Plaintiffs. At the Final Pretrial Conference, the Plaintiffs' proposed final jury instructions (Filing No. 351), and Defendant City of Richmond, Indiana ("the City") and Defendants Cornerstone Trading Group, LLC and Seth Smith (together, with Cross Defendant My-Way Trading, Inc., the "Cornerstone Defendants") joint proposed final jury instructions (Filing No. 375) were discussed. Plaintiffs' counsel orally moved the Court to exclude a contributory negligence defense instruction as to Plaintiffs from the jury instructions to be given at trial. For the reasons stated below, the Court **grants** the Plaintiffs' oral motion and finds that a contributory negligence defense as to Plaintiffs' damages claim should be excluded.

## I. DISCUSSION

The City requests inclusion of a contributory negligence final jury instruction and issue instruction. Richmond Proposed Final Jury Instruction No. 1 reads in part as follows:

> The Defendants have claimed certain defenses, including that Mr. Craig or Ms. Stokes were contributorily negligent with respect to their alleged damages and that they failed to mitigate their damages. The Defendants must prove the defenses of contributory negligence and failure to mitigate damages by the greater weight of the evidence.

(Filing No. 375-1 at 2). Richmond Proposed Final Jury Instruction No. 4 reads in part as follows:

> Defendants may defend themselves by claiming certain defenses. In this case, Defendants claim that Tushawn Craig's and Marquetta Stokes's own negligence contributed to the harm they claim to have suffered and that their negligence was a

> responsible cause of the harm. Negligence of this kind is "contributory negligence." The Defendants have the burden of proving by greater weight of the evidence that the plaintiffs, or either of them, were contributorily negligent.

*Id*. at 8.

Plaintiffs argue that a contributory negligence issue instruction or final jury instruction—based on evidence that Craig was contributorily negligent when he returned to his home during the evacuation order period to retrieve his animals and clean up debris on his property—should be excluded. Plaintiffs point out that they are not seeking damages for personal injury or anxiety related to handling potentially hazardous debris or any activities post-fire, and, even if they were, such activities might go to mitigation but do not go to contributory negligence. Plaintiffs seek exclusion of ad contributory negligence instruction as it relates to them, from both the proposed issue instruction and the final jury instructions.

The City responded orally that under Indiana law, it is a common law defendant, which means if any of the Plaintiffs are even one percent at fault, they will get zero recovery. The City contends that Plaintiffs' damages have been somewhat of a moving target and at one point in the litigation, the Plaintiffs were claiming injuries for exposure to toxic substances. Though it appears the Plaintiffs are now disclaiming such damages, the City believes that if Plaintiff Craig went back to his home and handled any debris from the fire, a jury could find him contributorily negligent. The City conceded that if Plaintiffs' damages are limited to the window of during the fire and immediately after it, then Plaintiffs may be correct. The City asserted, however, that if there is any chance at all that the testimony of Plaintiff Craig handling debris comes into evidence and it's attributed to some causal event of his damages, that constitutes contributory negligence, not failure to mitigate.

Plaintiffs orally replied that the Orders on the parties' motions *in limine* addressed anxiety over future health concerns and correctly held that evidence of such damages would not be permitted. Plaintiffs contend that nothing they did, whether it be returning to their home with a mask on to retrieve their animals or picking up debris in their yard, would support a contributory negligence instruction. The Court agrees.

Under Indiana law, "[c]ontributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to the harm he has suffered, which falls below the standard to which he is required to conform for his own protection." *Sawlani v. Mills*, 830 N.E.2d 932, 941 (Ind. Ct. App. 2005) (quoting *Memorial Hospital of South Bend, Inc. v. Scott*, 300 N.E.2d 50, 56 (1973)). "However, in order to constitute a bar to recovery, contributory negligence must be a proximate cause of the injury." *Id*. at 942 "The contributory negligence must unite in producing the injury and, thus, be simultaneous and co-operating with the fault of the defendant and enter into the creation of the cause of action." *Id*. (cleaned up).

Here, there is no contributory negligence. As the Court held in its Order on Motion to Exclude Emotional Distress Evidence, Plaintiffs may only introduce damages evidence concerning alleged injuries such as headaches or anxiety which occurred during or immediately after the fire (Filing No. 383 at 12). The Plaintiffs do not seek damages for latent disease or prolonged injuries lasting beyond the events immediately after the fire. Accordingly, neither Plaintiff Craig returning to his home with a mask on to retrieve his animals nor his possible handling of debris on his property after the fire could "unite in producing [his] injur[ies] and, thus, be simultaneous and co-operating with the fault of the" City as to the causation of a massive fire requiring a government evacuation order. Plaintiffs' oral motion to exclude a contributory negligence instruction in either the issue instruction or the final jury instructions is therefore **granted**.

## II. CONCLUSION

For the reasons discussed above, Plaintiffs' oral motion that a contributory negligence instruction as to Plaintiffs Craig or Stokes be excluded from any issue instruction or final jury instruction is **GRANTED**. An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence.

**SO ORDERED**.

Date: 8/14/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MY-WAY TRADING, INC.
c/o Seth Smith
P.O. Box 1282
308 NW F St.
Richmond, IN 47374
plasticman1@earthlink.net

Benjamin D. Felton
DYER GAROFALO MANN & SCHULTZ
bfelton@dgmslaw.com

Arie J. Lipinski
Lipinski Law
lipinski@lipinski-law.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Jackson Lee Schroeder
Bose McKinney & Evans LLP
jschroeder@boselaw.com

John Smalley
Dyer, Garofalo, Mann, & Schultz
jsmalley@dgmslaw.com

Brad R. Sugarman
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bsugarman@boselaw.com

Seth M. Thomas
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sthomas@boselaw.com