**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

TUSHAWN CRAIG,
MARQUETTA STOKES,

Plaintiffs,

v.

CORNERSTONE TRADING GROUP, LLC,
SETH SMITH,
CITY OF RICHMOND, INDIANA,

Defendants.

Case No. 1:23-cv-01575-TWP-MJD

---

CITY OF RICHMOND, INDIANA,
CITY OF RICHMOND, INDIANA,

Cross Claimants,

v.

CORNERSTONE TRADING GROUP, LLC,
SETH SMITH,
CORNERSTONE TRADING GROUP, LLC,
SETH SMITH,
MY-WAY TRADING, INC.,

Cross Defendants.

---

CORNERSTONE TRADING GROUP, LLC,

Third Party Plaintiff,

v.

CITY OF RICHMOND, INDIANA,

Third Party Defendant.

ALLEN WELLMAN HARVEY KEYES
COOLEY, LLP,

Interested Party.

**ORDER ON CORNERSTONE DEFENDANTS' OBJECTIONS TO PROPOSED JURY INSTRUCTIONS**

This matter is before the Court on Defendant/Third Party Plaintiff, Cornerstone Trading Group, LLC, Defendant/Cross Defendant, Seth Smith ("Smith"), and Cross-Defendant, My-Way Trading, Inc. (collectively, "the Cornerstone Defendants") Objections to Proposed Jury Instructions (Filing No. 377). This action is scheduled for a jury trial to begin on September 14, 2026. For the reasons discussed below, the Objections are **overruled**.

## I. DISCUSSION

Pursuant to the Court's Case Management Plan, the parties submitted joint proposed jury instructions (Filing No. 375, 375–1).The Cornerstone Defendants assert the following objection.

> Cornerstone Defendants' primary objection to the proposed jury instructions is that if the veil-piercing issue is to be decided by the Court, the jury instructions should not refer to Seth Smith, individually, other than to acknowledge that Plaintiffs have brought the claims in this lawsuit against him. The jury verdict forms should not provide the jury with the option to apportion a percentage of fault or liability to Seth Smith, individually. The jury instructions should not reference "Cornerstone Defendants"; they should refer to only "Cornerstone." The jury instructions should not reference "a group of defendants" because it prejudices Cornerstone and Seth Smith. If the jury is to decide veil-piercing, then it should be given Cornerstone Instruction No. 12.[1]

(Filing No. 377 at 2). Cornerstone Defendants proposed Instruction No. 9 reads as follows:

> You may hear claims that Seth Smith should be held personally liable for the acts of Cornerstone and/or My-Way Trading, Inc. Under Indiana law, a shareholder or member of a corporation or limited liability company is generally not personally liable for the acts or debts of that entity. However, a shareholder or member may become personally liable if the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another, and the misuse of the

[1] Cornerstone Defendants mistakenly refer to Instruction No. 12. Their Proposed Final Jury Instruction No .9 addresses Piercing the Corporate veil. (See Filing No. 375-1 at 36).

corporate form would constitute a fraud or promote injustice. The party seeking to pierce the corporate veil bears the burden of proving by a preponderance of the evidence that the corporate form should be disregarded. This is a highly fact-sensitive inquiry, and Indiana courts are reluctant to disregard corporate identity except to protect third parties from fraud or injustice. In deciding whether a party has met its burden, you should consider the following factors, though no single factor is determinative and not all factors must be present:

- Under capitalization: Whether the corporation or LLC was inadequately capitalized in relation to the amount of risk it undertook at the time of formation.
- Absence of Corporate Records: Whether the entity maintained proper corporate books, records, minutes and other formalities required by law.
- Fraudulent Representations: Whether shareholders, members or directors made fraudulent representations on behalf of the corporation or LLC.
- Use of the Entity to Promote Fraud, Injustice or Illegal Activities: Whether the corporate form was used to accomplish wrongful purposes, including to evade legal obligations or shield improper conduct.
- Payment of Individual Obligations: Whether the corporation or LLC paid personal obligations of the shareholder or member.
- Commingling of Assets and Affairs: Whether corporate or LLC assets were commingled with the personal assets of the shareholder or member, or whether the business affair of the entity and the individual were treated as one.
- Failure to Observe Required Corporate Formalities: Whether the entity failed to follow the formalities required by law, such holding meetings, electing officers or managers, maintaining separate bank accounts, or filing required reports.
- Other Conduct Ignoring, Controlling or Manipulating the Corporate Form: Whether the shareholder or member engaged in other acts or conduct that disregarded the separate legal existence of entity.

To pierce the corporate veil and hold Seth Smith personally liable, the party seeking to pierce the corporate veil must prove both of the following by a preponderance of the evidence:

1. that the corporate form of Cornerstone Trading Group, LLC and/or MyWay Trading, Inc. was so ignored, controlled or manipulated by Seth Smith that the entity was merely his instrumentality; and

2. that the misuse of the corporate form would constitute a fraud or promote injustice to the party seeking to pierce the corporate veil.

Both elements must be established. If you find that the party seeking to piece the corporate veil has failed to prove either element by a preponderance of the evidence, then you may not hold Seth Smith personally liable under the theory of piercing the corporate veil. You should presume that Cornerstone Trading Group, LLC and MY-Way Trading, Inc. are separate legal entities with rights and obligations distinct from those of Seth Smith. Merely conducting business through

> a corporate or LLC structure, even if that structure involves common ownership or overlapping operations, is not grounds for piercing the corporate veil. Corporations and LLCs are entitled to be operated efficiently, and close control by an owner-manager is a normal feature of small business operation. The key question is whether Seth Smith abused the corporate form in a manner that caused harm to the party seeking to pierce the corporate veil and that allowing him to hide behind the corporate shield would make it unjust.

(Filing No. 375-1 at 36-37).

At the Final Pretrial Conference, the Cornerstone Defendants raised the Objection, and the Court provided the parties with an opportunity to respond. The Plaintiffs chose not to respond. The City responded by stating that the Court has already addressed this issue in its Order on Pending Summary Judgment Motions.[2] That is, the Court determined that Smith could be found personally liable because he was a direct actor in the Cornerstone Defendants' allegedly tortious conduct. Thus, it is not a veil piercing question. For example, Smith is not being sought to be held liable for the company's loan but instead for his direct involvement in the actions that gave rise to the alleged negligence. For several reasons, the Court agrees and overrules the objections.

First, the Cornerstone Defendants proposed instruction is confusing, overly detailed, and fails to concisely state the law. The trial court has broad discretion to reject a proposed jury instruction that is overly long, repetitive or potentially confusing to a jury. *See United States v. Farmer*, 38 F.4th 591, 607 (7th Cir. 2022) ("We review [a district court's rejection of a proposed jury instruction] for abuse of discretion with deference to the broad discretion of the district court to accept or reject a proposed jury instruction so long as the essential points are covered by the instructions given.") (internal quotation marks and citation omitted).

---

[2] The City also explained its position in the Proposed Final Jury Instructions and stated that it "does not object to the substance of the instruction, but believes veil piercing is not an issue for the jury because it is an equitable issue for the Court to resolve." (Filing No. 375-1 at 37).

Second, the City is correct that, under Indiana law, the doctrine of piercing the corporate veil (or alter ego liability) is fundamentally an equitable remedy decided by the court and is not a standard cause of action submitted to a jury. *See Watters v. Cole*, 280 N.E.3d 299, 308 (Ind. Ct. App. 2026) (quoting *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1232 (Ind. 1994)) ("When a court exercises its equitable power to pierce a corporate veil, it engages in a highly fact-sensitive inquiry."); *see also Bangor Punta Operations v. Bangor & A.R. Co.*, 417 U.S. 703, 713 (1974) (stating that "courts of equity" decide whether to pierce the corporate veil); *International Financial Services Corp. v. Chromas Technologies Canada, Inc.*, 356 F.3d 731, 737 (7th Cir. 2004) ("At least within the context of Illinois law, since the doctrine of piercing the corporate veil is an equitable one that is particularly within the province of the trial court, the right to a jury trial on the issue of piercing the corporate veil does not exist.") (internal quotation marks, alteration, and citation omitted).

Third, the City is correct that the Court has already resolved this issue. In the Order on Pending Summary Judgment Motions, the Court found that Smith could be held personally liable because he "[p]articipated in the alleged torts" specifically he "was responsible for the accumulation of millions of pounds of combustible materials despite repeated orders to remedy such conditions[,]" there is evidence that Smith "personally interfered with the City's ability to conduct reconnaissance on the 310/358 Properties[,]" and "Smith admitted to storing inventory and conducting improvements on the 310/358 Properties without seeking permits or authority from the City despite knowing the 310/358 Properties were owned by the City[.]" (Filing No. 304 at 46). The Court concluded that "[b]ecause Smith personally participated in the alleged torts and conflicting inferences can be drawn as to whether the corporate veil should be pierced, Smith's partial summary judgment motion is denied as to Plaintiffs' claims." *Id*. at 47–48. As the Court

stated in its Order, a reasonable jury could find Smith personally liable either as a direct actor in the alleged tortious conduct or under a piercing the corporate veil theory, so this issue has already been decided.

Finally, the parties' joint proposed verdict forms set out each defendant by name and require a ruling as to each defendant (*See* Filing No. 375-2). The Cornerstone Defendants fail to explain how referencing them as multiple defendants rather than just as "the Cornerstone Defendants" would be prejudicial. If anything, such contention is the same request in a different front; that is, an attempt to shield Smith from personal liability despite the Court explicitly concluding that he may be held personally liable. Accordingly, the Cornerstone Defendants' Objections are **overruled**.

## II. CONCLUSION

For the reasons explained above, the Cornerstone Defendants' Objections to Proposed Jury Instructions (Filing No. 377) is **OVERRULED**. The jury instructions may list Smith, individually, and may refer to the Cornerstone Defendants as the "Cornerstone Defendants" and as "a group of defendants." As written, Cornerstone's Instruction No. 9 is overly long, overly detailed, fails to concisely state the law, is confusing and does not appear to be supported by the evidence. Accordingly it will not be given.

This order in *limine* is not a final, appealable order. A final jury instructions conference will be held after the close of evidence.

**SO ORDERED.**

Date: 8/27/2026

Tanya Walton Pratt

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MY-WAY TRADING, INC.
c/o Seth Smith
P.O. Box 1282
308 NW F St.
Richmond, IN 47374
plasticman1@earthlink.net

Benjamin D. Felton
DYER GAROFALO MANN & SCHULTZ
bfelton@dgmslaw.com

Arie J. Lipinski
Lipinski Law
lipinski@lipinski-law.com

Alexander Mann
Dyer, Garofalo, Mann & Schultz
amann@dgmslaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Jackson Lee Schroeder
Bose McKinney & Evans LLP
jschroeder@boselaw.com

John Smalley
Dyer, Garofalo, Mann, & Schultz
jsmalley@dgmslaw.com

Brad R. Sugarman
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bsugarman@boselaw.com

Seth M. Thomas
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sthomas@boselaw.com