**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

TUSHAWN CRAIG,
MARQUETTA STOKES,

Plaintiffs,

v.

CORNERSTONE TRADING GROUP, LLC,
SETH SMITH,
CITY OF RICHMOND, INDIANA,

Defendants.

---

CITY OF RICHMOND, INDIANA,
CITY OF RICHMOND, INDIANA,

Cross Claimants,

v.

CORNERSTONE TRADING GROUP, LLC,
SETH SMITH,
CORNERSTONE TRADING GROUP, LLC,
SETH SMITH,
MY-WAY TRADING, INC.,

Cross Defendants.

---

CORNERSTONE TRADING GROUP, LLC,

Third Party Plaintiff,

v.

CITY OF RICHMOND, INDIANA,

Third Party Defendant.

---

No. 1:23-cv-01575-TWP-MJD

ALLEN WELLMAN HARVEY KEYES
COOLEY, LLP,

Interested Party.

**ORDER ON CITY OF RICHMOND'S OBJECTION TO SUMMARY DEPOSITION**

This matter is before the Court on Objections (Filing No. 373), filed by Defendant City of Richmond (the "City"), to the Cornerstone Defendants' Summaries of Depositions Offered Into Evidence During Case-in-Chief (Filing No. 355). This action is scheduled for a jury trial to begin on September 14, 2026. For the reasons discussed below, the City's Objections are **sustained**.

## I. DISCUSSION

Pursuant to the Court's Case Management Plan, the Cornerstone Defendants timely filed a written summary of a deposition transcript from Mr. Jerry Purcell ("Purcell"), which the Cornerstone Defendants intend to offer into evidence during their case-in-chief (Filing No. 355). The summary states as follows:

> Jerry Purcell served as the chief of the City of Richmond Fire Department ("RFD") from 2014 until approximately December 8, 2022, when he was demoted to battalion chief after a disagreement with the Mayor of the City of Richmond. Purcell retired on May 8, 2023, after nearly 40 years with RFD, having starting as a firefighter in 1984. Purcell was familiar with the properties at 358, 310 and 308 Northwest F Street in Richmond ("Properties") for many years. He knew the Hoff family, which owned Hoffco-Comet Industries, Inc.—prior owner of 358 Property—from school but had never been inside the Hoffco building and had no recollection of being on any of the Properties.
>
> Purcell does not recall giving Tim Brown or any other RFD employees orders to stay off the Properties due to potential litigation. Purcell was not aware of any preplans completed in the event of a fire at the Properties. However, Purcell was aware that hazardous materials were present inside of the Hoffco building on the 358 Property through the RFD Prevention Department.

*Id*. at 2.

The City objects and argues that the summary seeks to introduce material that is irrelevant, not based on personal knowledge, unfairly prejudicial, and will confuse the issues (Filing No. 373

at 2). The City contends that the only portion of such summary which is admissible and should be submitted to the jury is as follows:

> Jerry Purcell served as the chief of the City of Richmond Fire Department ("RFD") from 2014 until approximately December 8, 2022. Purcell retired on May 8, 2023, after nearly 40 years with RFD, having starting as a firefighter in 1984. Purcell was aware of the location of the properties at 358, 310 and 308 Northwest F Street, but had no recollection of ever being on any of the Properties. Purcell never instructed RFD firefighters to stay off the Properties due to potential litigation.

*Id*. at 2. The City argues that the remaining portions of the summary of Purcell's testimony are inadmissible for various reasons. The Cornerstone Defendants did not respond to the City's Objections either via a written response or at the Final Pretrial Conference.

First, the City contends that as the Cornerstone Defendants noted, Purcell testified during his deposition that he has never been inside of the Hoffco building, is not personally familiar with it as far as going in the building and does not recall ever being on any of the properties. *Id*. (citing Filing No. 373-1 at 5, 9 pp. 17:18–25, 23:13–24). Further, Purcell testified that he does not know whether his prevention department was inside the Hoffco building. *Id*. (citing Filing No. 373-1 at 9 p. 23:1–5). Despite this testimony, the Cornerstone Defendants seek to offer in their summary that "Purcell was aware that hazardous materials were present inside of the Hoffco building on the 358 Property through the [Richmond Fire Department] Prevention Department." *Id*. (quoting Filing No. 355 at 2) (alteration in original). The City contends that such testimony is hearsay and assumptions from Purcell regarding his potential knowledge of Richmond's fire prevention department, rather than admissible evidence.

Second, the City contends that Purcell's testimony that he knew the "Hoff family . . . from school" has zero probative value, is not a fact of consequence, and is irrelevant. *Id*. at 3 (quoting Filing No. 355 at 2).

Third, the City contends that Purcell's testimony that he was demoted over a disagreement with the mayor is irrelevant because Purcell testified that the disagreement concerning "our Main Street and over the fact that we had the roads blocked during small shopping weekend[,]" and that his demotion had "no correlation whatsoever" to "the Hoffco Building." *Id*. at 3–4 (quoting Filing No. 373-1 at 6, 11, 13 pp. 18:23–25, 27:7–28:1, 49:9–12). The Court agrees.

Concerning the City's first contention, the Court is persuaded that Purcell has no personal knowledge of the inside of the Hoffco building and therefore, he cannot testify that hazardous materials were present inside the building . When Purcell was asked whether he was familiar with the Hoffco building located on the 358 NW F Street parcel, he responded, "Yes. Not personally as far as going in the building, but I'm familiar where it's located and the building itself from the street." (Filing No. 373-1 at 5 p. 17:21–23). Purcell was then asked if he had ever been inside the building to which he responded, "No." *Id*. at 5 p. 17:25. Purcell was asked, "How were you aware of the hazardous materials inside of the Hoffco building if you had never been inside of it?" and he responded, "Through my prevention department." *Id*. at 8 p. 22:22–25. However, when Purcell was then asked, "So your prevention department was inside of the Hoffco building?", he responded "I assume they were. I don't know. I think they were trying to gain access. That would have been Mike Davis." *Id*. at 9 p. 23:1–5. Purcell then reaffirmed that he has never been on any of the properties at issue in this litigation. *Id*. at 9 p. 23:22–23.

Hearsay is defined as a statement, whether made orally, written, or through nonverbal conduct, that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. *See* Fed. R. Evid. 801. Hearsay is not admissible unless provided otherwise by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802. Here, Purcell

testified that he has no personal knowledge of the inside of the Hoffco building, had never been inside the building, and has never been on any of the properties at issue in this litigation. Accordingly, the Cornerstone Defendants' statement that Purcell was aware of hazardous materials through the Richmond prevention department must be based on statements made by another. Further, considering that the Cornerstone Defendants have not provided the Court with any argument concerning whether such statement was proffered for the truth of the matter asserted, the statement is likely hearsay and must be excluded pursuant to Rule 802. Thus, the City's Objection concerning that statement is **sustained**.

Moreover, the City's other two Objections are also **sustained**. Whether Purcell knew one of Hoffco's daughters in junior high school is irrelevant. Likewise, because Purcell's demotion had nothing to do with the Hoffco building, this testimony is also irrelevant. Accordingly, both statements and excluded under Fed. R. Evid. 402, and should be removed from the summary.

## II. CONCLUSION

For the reasons discussed above, the City's Objections (Filing No. 373) to the Cornerstone Defendants' Summaries of Depositions Offered Into Evidence During Case-In-Chief are **SUSTAINED**. Accordingly, the summary of Purcell's deposition testimony which Cornerstone Defendants may offer is **MODIFIED** to the following:

> Jerry Purcell served as the chief of the City of Richmond Fire Department ("RFD") from 2014 until approximately December 8, 2022. Purcell retired on May 8, 2023, after nearly 40 years with RFD, having starting as a firefighter in 1984. Purcell was aware of the location of the properties at 358, 310 and 308 Northwest F Street, but had no recollection of ever being on any of the Properties. Purcell never instructed RFD firefighters to stay off the Properties due to potential litigation.

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the trial, counsel may request a hearing

outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence.

**SO ORDERED**.

Date: 8/27/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MY-WAY TRADING, INC.
c/o Seth Smith
P.O. Box 1282
308 NW F St.
Richmond, IN 47374
plasticman1@earthlink.net

Benjamin D. Felton
DYER GAROFALO MANN & SCHULTZ
bfelton@dgmslaw.com

Arie J. Lipinski
Lipinski Law
lipinski@lipinski-law.com

Alexander Mann
Dyer, Garofalo, Mann & Schultz
amann@dgmslaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Jackson Lee Schroeder
Bose McKinney & Evans LLP
jschroeder@boselaw.com

John Smalley
Dyer, Garofalo, Mann, & Schultz
jsmalley@dgmslaw.com

Brad R. Sugarman
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bsugarman@boselaw.com

Seth M. Thomas
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sthomas@boselaw.com