**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TUSHAWN CRAIG,<br>MARQUETTA STOKES, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-01575-TWP-MJD |
| CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>CITY OF RICHMOND, INDIANA, | ) | |
| Defendants. | ) | |

**ORDER OVERRULING CITY'S OBJECTION TO PRELIMINARY INSTRUCTION**

This matter is before the Court on Defendant City of Richmond's (the "City") Objection to Preliminary Instruction No. 3 (Filing No. 407). Trial in this matter is scheduled to begin on Monday, September 14, 2026. The Court provided its Preliminary Jury Instructions electronically to counsel for the parties on Wednesday, September 9, 2026, and ordered the parties to file any objections by noon on Thursday, September 10, 2026 (Filing No. 388 at 6). The City timely filed the instant Objection.

The Court's Proposed Preliminary Jury Instruction No. 3 reads as follows:

> On April 11, 2023, a fire occurred in the City of Richmond, Indiana, and involved industrial properties at 358, 310, and 308 NW F Street. That same day, an evacuation order for all people residing within a one-half mile radius of the fire was issued. The evacuation order was lifted on April 16, 2023.
>
> The Plaintiffs, Tushawn Craig and Marquetta Stokes, filed this class action lawsuit against the Defendants, Cornerstone, Seth Smith, and the City of Richmond. This case is tried as a class action on behalf of all certified class members The Court has certified the following class of Plaintiffs:
>
> **All persons who resided within a half-mile radius of the evacuation zone around the fire at 358, 310, and 308 NW F St in Richmond, Indiana from April 11 through April 16, 2023.**

> As class representatives, Mr. Craig and Ms. Stokes have asserted claims against Cornerstone, Seth Smith, and the City of Richmond, alleging negligence and failure to correct a nuisance condition on the properties. The Plaintiffs must prove these claims by the greater weight of the evidence.
>
> The Defendants deny the Plaintiffs' claims. The Defendants are not required to disprove the Plaintiffs' claims.
>
> In addition, the Defendants have asserted affirmative defenses that the Plaintiffs failed to mitigate their damages. The Defendants must prove these defenses by the greater weight of the evidence.

The City contends that the Court's Preliminary Jury Instruction provides an incomplete statement of the jury's charge in this matter (Filing No. 407). The City requests that because Federal Rules of Civil Procedure 23 and 42 authorize bifurcated and individualized damages proceedings for non-named class members following a liability trial involving the named class members, the Court should add the following paragraph at the end of its Preliminary Jury Instruction No. 3:

> The Court has divided this case into separate phases. In this phase, you must decide whether any of the Defendants are legally responsible, which the law calls "liability." You must also decide whether Mr. Craig, Ms. Stokes, or both of them are entitled to compensation, which the law calls "damages." Your liability findings will apply to the class as a whole. Your damages findings, if any, apply only to Mr. Craig and Ms. Stokes. If you find any of the Defendants liable, the Court will conduct separate proceedings at a later time to determine if any other class members are entitled to damages.

*Id*. at 3.

The purpose of the preliminary instructions is to give the jury an overview of the applicable law, rather than a detailed description of the law that the jury ultimately will apply during its deliberations. The proposed added language is not necessary in the issues preliminary jury instruction. "Usually, the jury is advised of the applicable substantive law and the ultimate issues it must decide in applying that law to the facts by an issues instruction specifying the elements of the plaintiff's claim and stating that, in order to prevail, the plaintiff has the burden of proving each

of these elements." *Alloy Intern. Cov. V. Hoover-NSK Bearing Co., Inc.*, 635 F.2d 1222, 1226 (7th Cir. 1980).

While the rule cited by City permits the Court to hold a final phase in which individualized proof of damages must be submitted, *see* Fed. R. Civ. P. 23, 42, no rule requires the Court to explain such procedures to the jury before they have heard any evidence. The Court's proposed Preliminary Instruction #3 properly explains the issues in the case and provides the jury with what it will be tasked with—determining whether the Plaintiffs' claims succeed and whether the Defendants' affirmative defenses will succeed.

The City may submit its proposed language in the form of a Final Jury Instruction and it will be discussed at the Final Jury Instruction Conference which will take place after the close of evidence. However, the proposed additional language has nothing to do with the elements of Plaintiffs' claims, or Defendants' defense, and including the proposed language in the issue instruction will only confuse the jury by discussing a separate phase for which they will take no part in. The City's Objection, (Filing No. 407) is **OVERRULED**.

**SO ORDERED**.

Date: September 11, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Benjamin D. Felton
DYER GAROFALO MANN & SCHULTZ
bfelton@dgmslaw.com

Arie J. Lipinski
Lipinski Law
lipinski@lipinski-law.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Jackson Lee Schroeder
Bose McKinney & Evans LLP
jschroeder@boselaw.com

John Smalley
Dyer, Garofalo, Mann, & Schultz
jsmalley@dgmslaw.com

Brad R. Sugarman
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bsugarman@boselaw.com

Seth M. Thomas
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sthomas@boselaw.com