**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TUSHAWN CRAIG,<br>MARQUETTA STOKES,<br><br>Plaintiffs,<br><br>v.<br><br>CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>CITY OF RICHMOND, INDIANA,<br><br>Defendants. | ) | No. 1:23-cv-01575-TWP-MJD |

**ORDER DENYING CORNERSTONE DEFENDANT'S PENDING MOTIONS**

This matter is before the Court on Defendants Cornerstone Trading Group LLC and Seth Smith's (collectively, "Cornerstone Defendants") Motion in Limine to Exclude Evidence, Argument and/or Reference to the City's Crossclaims for Trespass and Environmental Legal Action (Filing No. 353), Motion to Bifurcate Trial of Plaintiffs' Claims and Trial of City's Crossclaims (Filing No. 360), and Motions Embedded in the Cornerstone Defendants' Trial Brief (Filing No. 382). The trial of this matter commenced on September 14, 2026. The Court notes that several motions filed by the Cornerstone Defendant remain pending. For the reasons stated below, the motions are **denied**.

## I. DISCUSSION

The Cornerstone Defendants' motion in limine (Filing No. 353), asks the Court to exclude any reference to the City of Richmond's crossclaims for Trespass and Environmental Legal Action, including but not limited to any evidence, argument or mention of any trespass or environmental liability related to any Cornerstone Defendants. The crossclaims previously scheduled for trial have been resolved by the parties' Joint Tender of Agreed Judgement (Filing No. 404, Filing No.

404-1). Accordingly, this Motion is **denied as moot**. Likewise, because the crossclaims have been resolved by the parties' Joint Tender of Agreed Judgement, the motion to bifurcate trial of Plaintiff's claims and the City's Cross Claims is **denied as moot**.

The Cornerstone Defendant's filed a Pretrial Memorandum (Filing No. 382) at 12:12 a.m. on August 10, 2026, the morning of the Final Pretrial Conference, which was scheduled to begin at 10:00 a.m. that day. The Memorandum contained the following embedded motions: (1) a Motion for Reconsideration of the Court's Order Denying Cornerstone Defendants' Motion for Leave to Belatedly Amend Their Final Witness and Exhibit Lists (Filing No. 293); (2) a Motion for Reconsideration of the Court's Order on Motion to Compel (Filing No. 224), which denied Plaintiffs' requests to compel production of the Richmond Fire Department's Origin-and-Cause Report[1]; and (3) a Motion in *limine* requesting that the Court "enter an order precluding the City from presenting any argument, evidence or testimony that Cornerstone Defendants' plastic materials prevented, hindered or impaired the City's ability to combat, contain or extinguish the fire, unless Cornerstone Defendants and Plaintiffs are permitted to present evidence and argument concerning the City's firefighting operations and decisions." (Filing No. 382 at 6). For the following reasons, the Cornerstone Defendants' embedded motions are **denied**.

First, these motions are untimely. Pursuant to the approved Case Management Plan, all trial briefs and motions in *limine* were required to be filed two weeks before the Final Pretrial Conference (Filing No. 42 at 10). All objections and motions concerning exhibits were required to be filed one week before the Final Pretrial Conference. *Id*. at 10–11. Here, the Cornerstone Defendants waited until all other motions in *limine* were filed and responded to—and even mostly

[1] The Cornerstone Defendants previously moved for reconsideration of the Court's Order on Motion to Compel (Filing No. 225), which the Court denied (Filing No. 248). Thus, the embedded motion is essentially a Motion to Reconsider the Court's denial of a Motion for Reconsideration.

resolved by the Court—before filing their Pretrial Memorandum at 12:12 a.m. on the morning of the Final Pretrial Conference, a mere two business hours before the conference was scheduled to begin at 10:00 a.m. Counsel failed to explain the belatedness of the Pretrial Memorandum or the embedded motions in either the memorandum itself or on the record at the Final Pretrial Conference.

Second, these motions violate the Local Rules. Pursuant to Local Rule 7-1, any motion must be filed separately with an accompanying proposed order allowing opposing counsel time to respond. Specifically, "a motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court." L.R. S.D. 7-1(a). Further, any motion pursuant to Fed. R. Civ. P. 37—such as a motion for an order compelling disclosure sought here—requires an accompanying brief. Cornerstone Defendants failed to file a separate motion for any of the above listed embedded motions, failed to provide proposed orders, and failed to provide any accompanying brief.

Third, Cornerstone Defendants failed to timely object to the Magistrate Judge's Order Denying Cornerstone Defendants' Motions for Leave to Belatedly Amend Their Final Witness and Exhibit Lists (Filing No. 293). Fed. R. Civ. P. 72 requires any objections to a magistrate judge's order on a non-dispositive matter to be made "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Further, "[a] party may not assign as error a defect in the order not timely objected to." *Id*. Here, the Magistrate Judge entered the Order on October 9, 2025 (Filing No. 293). Cornerstone Defendants' Pretrial Memorandum containing their objection/reconsideration request pertaining to that Order was filed on August 10, 2026, ten (10) months beyond the time to object.

Fourth, concerning the embedded motion to reconsider the denial of a motion to compel disclosure of the Richmond Fire Department's Origin-and-Cause report, counsel conveniently

omitted from the Pretrial Memorandum that the Cornerstone Defendants previously filed a motion to reconsider the very Order they now ask the Court to again reconsider (*see* Filing No. 225). The Magistrate Judge denied the Cornerstone Defendants' first motion to reconsider noting that the Cornerstone Defendants had not made any motion to compel—rather the motion to compel was made by the Plaintiffs (Filing No. 248 at 2). The Magistrate Judge found that the "Court could not possibly have erred in its ruling by failing to consider Seth Smith's interests when those interests were not raised in the briefing or arguing of the motion [to compel]" *Id*. The Magistrate Judge concluded that "it is difficult to see how Smith's constitutional rights could have been violated by the failure of the City to produce documents in discovery that Smith himself apparently did not seek in discovery." *Id*. The Court finds the Cornerstone Defendants have failed to provide any justification as to why it should reconsider the Magistrate Judge's Order Denying Motion for Reconsideration. Because the Pretrial Memorandum was untimely, violated the Federal Rules of Civil Procedure, violated the Court's Local Rules, and was devoid of justification for such failures or for the requested relief, the embedded motions contained therein are **denied**.

## II. CONCLUSION

For the reasons stated above, the Cornerstone Defendants' Motion in Limine to Exclude Evidence, Argument and/or Reference to the City's Crossclaims for Trespass and Environmental Legal Action (Filing No. 353) and Motion to Bifurcate Trial of Plaintiffs' Claims and Trial of City's Crossclaims (Filing No. 360) are **DENIED as moot**, and the Motions Embedded in the Cornerstone Defendants Trial Brief (Filing No. 382) are also **DENIED**.

**SO ORDERED**.

Date: September 15, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Benjamin D. Felton
DYER GAROFALO MANN & SCHULTZ
bfelton@dgmslaw.com

Arie J. Lipinski
Lipinski Law
lipinski@lipinski-law.com

Alexander Mann
Dyer, Garofalo, Mann & Schultz
amann@dgmslaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Jackson Lee Schroeder
Bose McKinney & Evans LLP
jschroeder@boselaw.com

John Smalley
Dyer, Garofalo, Mann, & Schultz
jsmalley@dgmslaw.com

Brad R. Sugarman
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bsugarman@boselaw.com

Seth M. Thomas
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sthomas@boselaw.com