**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TUSHAWN CRAIG,<br>MARQUETTA STOKES, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-01575-TWP-MJD |
| CORNERSTONE TRADING GROUP, LLC,<br>SETH SMITH,<br>CITY OF RICHMOND, INDIANA, | ) | |
| Defendants. | ) | |

**ORDER DIRECTING SUPPLEMENTAL MOTION AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter is before the Court on Defendant City of Richmond, Indiana's (the "City") oral Motion under Rule 50(b). A trial by jury on Plaintiffs Tushawn Craig's and Marquetta Stokes's (collectively, "Plaintiffs") claims for negligence and nuisance was held from September 14, 2026, through September 18, 2026. After the close of Plaintiffs' case-in-chief, and again after the close of all evidence, the City orally moved for judgments as a matter of law under Rule 50(a). The Court denied both motions and submitted the case to the jury.

On September 18, 2026, following deliberations, the jury entered a verdict in favor of Plaintiffs and against Defendants Cornerstone Trading Group, LLC, Seth Smith, and the City of Richmond Indiana on all claims (Filing No. 425). Counsel for the City then orally stated,

> "We earlier yesterday— and today—got your rulings on the immunity issues. That was under the Trial Rule 50 standard. Now that we are in the post-verdict stage, the Court can make findings of facts. So rather than construing the evidence in the light most favorable to the plaintiffs, the Court should consider the full record."

Specifically, counsel for the City stated the Cout has an obligation to make findings of fact and formally enter a judgment on the immunity defenses.

Rule 50(b) states as follows:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
> (2) order a new trial; or
> (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

The Court entered a partial judgment as to liability on the Plaintiffs' negligence and nuisance claims on September 18, 2026, pursuant to the jury verdict. Thereafter, it appeared that the City was orally moving for judgment as a matter of law under Rule 50(b), but it is unclear whether the City was moving under subsection (2), (3), or both in the alternative. Moreover, Rule 50(b) specifically states that the movant may *file* a renewed motion within 28 days after the entry of judgment. Accordingly, the Court **ORDERS** the City to supplement its oral motion by filing a written Rule 50(b) motion, and proposed findings of fact and conclusion of law clarifying the motion and the relief requested by **Friday, October 9, 2026**. Thereafter, Plaintiffs will have **fourteen days** to file a response brief and its proposed findings of fact and conclusions of law. It is the Courts preference that briefing is no more than ten (10) pages in length—if possible.

**SO ORDERED**.

Date: September 21, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kristopher L Cundiff
The Reporters Committee for Freedom of the Press
kcundiff@rcfp.org

Benjamin D. Felton
DYER GAROFALO MANN & SCHULTZ
bfelton@dgmslaw.com

Arie J. Lipinski
Lipinski Law
lipinski@lipinski-law.com

Alexander Mann
Dyer, Garofalo, Mann & Schultz
amann@dgmslaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Jackson Lee Schroeder
Bose McKinney & Evans LLP
jschroeder@boselaw.com

John Smalley
Dyer, Garofalo, Mann, & Schultz
jsmalley@dgmslaw.com

Brad R. Sugarman
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bsugarman@boselaw.com

Seth M. Thomas
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sthomas@boselaw.com