**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TUSHAWN CRAIG et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORNERSTONE TRADING GROUP, LLC, et al.,<br><br>Defendants. | ) | No. 1:23-cv-01575-TWP-MJD |
| CORNERSTONE TRADING GROUP, LLC,<br><br>Third Party Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND, INDIANA,<br><br>Third Party Defendant. | ) | |
| CITY OF RICHMOND, INDIANA,<br><br>Cross Claimant,<br><br>v.<br><br>CORNERSTONE TRADING GROUP, LLC,<br>MY-WAY TRADING, INC. and SETH SMITH,<br><br>Cross Defendants. | ) | |

**CORNERSTONE DEFENDANTS' RESPONSE IN OPPOSITION TO NON-PARTY MIKE EMERY'S PETITION FOR ATTORNEY'S FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45(d)**

Defendants, Cornerstone Trading Group, LLC and Seth Smith (collectively, "Cornerstone Defendants"), by counsel, submit this Response in Opposition to Non-Party Mike Emery's Petition for Attorney Fees Pursuant to Fed. R. Civ. P. 45(d) (Dkt. 435). The Court should deny

Non-Party Mike Emery's Petition for Attorney's Fees ("Petition") because Emery has not established that Cornerstone Defendants failed to take reasonable steps to avoid imposing an undue burden or expense on him. Neither the Court's Order Granting Non-Party's Motion to Quash Subpoena (Dkt. 417) ("Quash Order") nor the Petition (Dkt. 435) establish that Cornerstone Defendants or their counsel failed to take reasonable steps to avoid imposing undue burden or expense on Emery. While the Court's Quash Order determined that the subpoena for Emery's appearance and testimony at trial was unduly burdensome, it does not determine that Cornerstone Defendants or their counsel failed to take reasonable steps to avoid imposing undue burden or expense on Emery, and the Court ordered further action by Emery in support of his request for attorney's fees. (Dkt. 429). Although Emery filed the Petition pursuant to Federal Rule of Civil Procedure 45(d)(1), Emery's Petition fails to establish that Cornerstone Defendants failed to comply therewith.

## I. Brief Factual Background

Mr. Emery authored "Blame for Fire's Cause, Costs Hit Property Owner," published by Western Wayne News in April 2023 (the "Article"). The Article reports that the City owns the parcels at 310 and 358 NW F Street, that the City "entered into an agreement with the business owner that would provide him the ability to remove these materials and sell them," and that City Attorney A.J. Sickmann said the City took the parcels "to eliminate interference from the business owner," obtained an EPA grant, and "would have been taking materials technically owned by the bank." (Dkt. 405-7, p.4; Dkt. 410, p. 2). Cornerstone Defendants included the Article as Exhibit 566 on their Final Exhibit List. (Dkt. 361, p. 6). The City objected on hearsay and sponsoring-witness grounds and declined to stipulate to admissibility. (Dkt. 410, p. 3). Although Cornerstone Defendants had issued subpoenas for the appearance and testimony of the

witnesses who provided quotes in the Article, which Cornerstone Defendants sought to present to the jury, Cornerstone Defendants' counsel did not know—at the time of issuing the subpoena and the subsequent discussions with Emery's counsel regarding compromise—whether Cornerstone Defendants' attempts to admit testimony regarding the quotes, or evidence related to the topics of the quotes, would result in the admission of the evidence and publication to the jury.

At the time, Cornerstone Defendants anticipated that they would have difficulties presenting the jury with evidence regarding the agreement between the City and Cornerstone that allowed Cornerstone to remain on the 358 and 310 properties. Cornerstone Defendants were optimistic that if they were unable to admit evidence related to the topics of the quotes in the Article, that either the Article or Emery's testimony regarding the quotes would be admissible and publishable. The undersigned explained this to Emery's counsel, but Emery's counsel proceeded with unnecessarily lengthy and threatening emails at a time when the undersigned, the only attorney representing Cornerstone Defendants, was working extensively to prepare for the then-anticipated potentially week-and-a-half-long jury trial. (Dkt. 405-3, 405-4).

Emery moved to quash the subpoena on September 9, 2026, on undue-burden and reporter's-privilege grounds and requested attorney's fees. (Dkt. 405). Cornerstone Defendants responded the following day, September 10, 2026, pursuant to the Court's Order Directing Expedited Response to Non-Party Motion to Quash Subpoena. (Dkt. 408; Dkt. 410). Cornerstone Defendants' Response concluded by requesting relief that discharged Emery from providing live testimony pursuant to the subpoena. (Dkt. 410, p. 6).

On September 11, 2026, the Court entered its Quash Order, finding that the subpoena issued to Emery is unduly burdensome because:

> Emery's testimony is neither relevant nor probative especially given that the Cornerstone Defendants' reasoning for subpoenaing his testimony is "placing the

> Article before the jury," (Filing No. 410 at 3), and because it provides a "good summary of what happened [in this case]." (Filing No. 405-2 at 3). But forcing a journalist with no personal knowledge of any issues in this case to testify as to the authenticity of a news article, which is already self-authenticating pursuant to Federal Rule of Evidence 902(6), the contents of which are already available from various other sources, including the parties in the litigation, is not a proper use of the subpoena power under Rule 45.

(Dkt. 417, p. 6). On September 21, 2026, the Court entered its Order Directing Further Action from Non-Party Counsel. (Dkt. 429). On September 25, 2026, Emery filed his Petition requesting the Court to order Cornerstone Defendants to pay $19,335.00 for 39.9 hours of work performed in response to Emery's subpoena. (Dkt. 435).

## II. Legal Standard

"It seems to [the Seventh Circuit] that rather than speaking of privilege, courts should simply make sure that a subpoena duces tecum directed to the media, like any other subpoena duces tecum, is reasonable in the circumstances, which is the general criterion for judicial review of subpoenas." *McKevitt v. Pallasch*, 339 F.3d 530, 533 (7th Cir. 2003). "[The Seventh Circuit does] not see why there need[s] to be special criteria merely because the possessor of the documents or other evidence sought is a journalist." *Id.* "When the information in the reporter's possession does not come from a confidential source, it is difficult to see what possible bearing the First Amendment could have on the question of compelled disclosure." *Id.* "If anything, the parties to this case are reversed from the perspective of freedom of the press, which seeks to encourage publication rather than secrecy." *Id.*

Rule 45(d)(1) requires the party or attorney responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing undue burden or expense on the person subject to it. A court must enforce that duty and may include reasonable attorney's fees in an appropriate sanction. Fed. R. Civ. P. 45(d)(1).

## III. Argument

The Court should reconsider its determination that Cornerstone Defendants' subpoena issued to Emery was unduly burdensome. The Ninth Circuit reversed a fee sanction entered after a subpoena was quashed, holding that Rule 45 does not support a sanction "where the cost of complying with the subpoena is minimal and there is no showing that the subpoena was facially defective or issued in bad faith." *Mount Hope Church v. Bash Back*, 705 F.3d 418, 425–29 (9th Cir. 2012). The Court found that Emery's live testimony was unnecessary and that its burden outweighed its benefit. That ruling resolved whether the subpoena should be enforced, but it did not resolve the distinct question whether Cornerstone Defendants failed to take reasonable steps to avoid burden or expense. Emery's Motion to Quash Subpoena and attachments thereto demonstrate that Cornerstone Defendants entertained lengthy emails containing repetitive assertions from Emery's counsel before and after having discussed the same issues with Emery's counsel via phone. (Dkt. 405-3, 405-4).

Cornerstone Defendants' counsel offered alternatives to the subpoena that would allow Emery to avoid presenting live testimony. Cornerstone Defendants should not be forced to pay Emery's counsel approximately $20,000 for merely calling a witness to testify about an article he authored in support of their defense at a jury trial in which they were being sued by an anticipated approximately 2,000 plaintiffs. The materials attached to Emery's Motion to Quash demonstrate that the requested fee award is unreasonable, and the Petition does not provide sufficient evidence that the requested rate is consistent with the market for the relevant legal services. Emery could have cashed the check that he received from Cornerstone Defendants in the amount of $128.64 for appearing at the Court and testifying about an article that he authored.

Emery's subpoena was no more burdensome than the subpoena issued to any other witness who resided in the Richmond, Indiana area.

The subpoena commanded only trial attendance and did not require the production of documents, electronically stored information or tangible things. Cornerstone Defendants sought testimony concerning one identified, published Article and expressly disclaimed any attempt to obtain confidential sources, unpublished notes or editorial-process information. They also offered to withdraw the subpoena if the Article could be admitted without live sponsorship and proposed limited alternatives if the Court did not admit it. Cornerstone Defendants ultimately issued the subpoena to preserve an unresolved trial-evidence issue. Emery's proposed certification would have authenticated the Article, but Cornerstone Defendants explained—and the Court later agreed—that certification would not overcome the City's hearsay objection. Cornerstone Defendants did not reject a complete solution and insist on live testimony for their sake.

The Petition seeks all fees associated with opposing the subpoena, without separating time reasonably caused by any alleged Rule 45(d)(1) violation from time spent choosing, developing and presenting Emery's litigation strategy. Rule 45 authorizes an appropriate sanction that may include reasonable attorney's fees. The timeline reflects substantial overlapping work. (Dkt. 435-2). On September 8, 2026, Mr. Cundiff billed 9.5 hours for research, drafting, client conferences, correspondence, declarations and strategy, while Ms. Lay billed another 7.0 hours for reviewing the case, researching the same undue-burden issue, meeting with the same team and assisting with the same motion. (Dkt. 435-2). On September 9, 2026, counsel recorded additional time for legal research, revising and finalizing the brief, collaborating with the same team, revising declarations and coordinating the filing. (Dkt. 435-2).

Rather than merely appearing at the Court and providing truthful testimony about an article that he authored and cashing a check, Emery chose to hire an attorney and apparently pay approximately $20,000 in an effort to avoid testifying about statements provided by City officials. Emery's counsel spent approximately a full week—nearly the amount of time that the parties spent trying this case—working to quash one subpoena issued to one witness. Emery appears to be nearly the only reporter who has closely followed this case from the fire through the end of trial, including his article about the City's and Cornerstone Defendants' settlement; yet, he supposedly spent approximately $20,000 to avoid testifying about the Article. Ex. A; *see* Mike Emery, *Jury Finds City, Others Negligent in Plastics Fire*, WESTERN WAYNE NEWS (Sept. 18, 2026), https://westernwaynenews.com/plastics-fire-verdict-negligent/; Mike Emery, *Disappointed City Evaluates Next Steps After Lawsuit Verdict*, WESTERN WAYNE NEWS (Sept. 29, 2026), https://westernwaynenews.com/disappointed-city-evaluates-next-steps-after-lawsuit-verdict/.

The request also includes work performed after the subpoena had been quashed, including review of the Court's orders and 5.5 hours preparing the Petition. The Petition does not explain why those post-decision hours were caused by any failure to take reasonable steps before issuance or enforcement of the subpoena. Because a reasonable fee excludes hours not reasonably expended, the Court should exclude duplicative research, drafting, revision, internal conferences and work related to the Petition. Any award should be limited to nonduplicative time reasonably necessary to present the Motion to Quash.

The Petition seeks hourly rates of $500.00 for Mr. Cundiff and $450.00 for Ms. Lay. Its principal rate comparison relies on matrices used for complex federal litigation in the District of Columbia, while this subpoena dispute arose in the Southern District of Indiana. The only

Indiana-specific comparison identified in the declaration is a negotiated settlement involving Mr. Cundiff's rate in a separate state-court matter. (Dkt. 435-1, ¶ 8). The Petition does not identify an Indiana market survey, comparable Indiana Rule 45 awards or customary rates actually paid for similar subpoena litigation. A District of Columbia matrix and a single negotiated settlement do not establish that the requested rates are reasonable for this limited Indiana federal-court dispute. In any event, Emery did not establish that Cornerstone Defendants took reasonable steps to avoid imposing undue burden or expense on Emery; therefore, Emery's Petition should be denied.

## IV. Conclusion

For the above reasons, Cornerstone Defendants respectfully request the Court to deny Non-Party Mike Emery's Petition for Attorney's Fees. Alternatively, if the Court awards any fees, Cornerstone Defendants request that the Court substantially reduce the award by excluding duplicative and excessive hours, post-quash fee-application work and any hours not reasonably attributable to a violation of Rule 45(d)(1), and by applying reasonable hourly rates supported by the relevant market.

Respectfully submitted,

*/s/ Arie J. Lipinski*

Arie J. Lipinski
Attorney No. 30739-64
951 N. Delaware St.
Indianapolis, Indiana 46202-3377
Telephone: (317) 605-9223
Fax: (317) 534-3594
Email: lipinski@lipinski-law.com

## CERTIFICATE OF SERVICE

I certify that on October 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record via email:

John A. Smalley
Alex Mann
DYER, GAROFALO, MANN & SCHULTZ
131 N Ludlow St, Ste 1400
Dayton, OH 45402
jsmalley@dgmslaw.com
amann@dgmslaw.com
***Attorneys for Plaintiffs***

Seth M. Thomas
Andrew M. McNeil
Bradley R. Sugarman
Jackson L. Schroeder
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Ste 2700
Indianapolis, IN 46204
sthomas@boselaw.com
amcneil@boselaw.com
bsugarman@boselaw.com
jschroeder@boselaw.com
***Attorneys for City of Richmond, Indiana***

Kristopher L. Cundiff
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
kcundiff@rcfp.org
***Attorney for Non-Party Mike Emery***

*/s/ Arie J. Lipinski*
Arie J. Lipinski

LIPINSKI LAW
951 N Delaware St.
Indianapolis, Indiana 46202-3377
Telephone: (317) 605-9223
Fax: (317) 534-3594
Email: lipinski@lipinski-law.com