**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TUSHAWN CRAIG et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORNERSTONE TRADING GROUP, LLC, et al.,<br><br>Defendants. | ) | No. 1:23-cv-01575-TWP-MJD |
| CORNERSTONE TRADING GROUP, LLC,<br><br>Third Party Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND, INDIANA,<br><br>Third Party Defendant. | ) | |
| CITY OF RICHMOND, INDIANA,<br><br>Cross Claimant,<br><br>v.<br><br>CORNERSTONE TRADING GROUP, LLC,<br>MY-WAY TRADING, INC. and SETH SMITH,<br><br>Cross Defendants. | ) | |

**CORNERSTONE TRADING GROUP, LLC'S AND SETH SMITH'S RESPONSE IN OPPOSITION TO THE CITY OF RICHMOND'S POST-TRIAL MOTION FOR RULE 52(a)(1) FINDINGS AND CONCLUSIONS ON THE CITY'S IMMUNITY DEFENSES**

Defendants, Cornerstone Trading Group, LLC ("Cornerstone") and Seth Smith ("Smith") (collectively, "Cornerstone Defendants"), by counsel, respectfully submit this limited response to the portions of the City of Richmond's requested findings that directly and indirectly adversely

affect Cornerstone Defendants. The City's Post-Trial Motion for Rule 52(a)(1) Findings and Conclusions on the City's Immunity Defenses (Dkt. 444) ("City's Motion") asks the Court to find that Cornerstone and Smith alone created the nuisance, controlled the City's properties, prevented the City from obtaining access and was responsible for the conditions underlying Plaintiffs' claims. The City's proposed conclusions depend on treating the City's liability as exclusively vicarious liability for Cornerstone's and Smith's conduct. Those proposed findings exceed what is necessary to decide the City's immunity defenses, contradict material evidence and the Court's prior assessment of the trial record and conflict with the jury's allocation of responsibility among all three Defendants.

Cornerstone and Smith oppose the City's Motion to the extent the City seeks findings attributing the nuisance or resulting loss exclusively to Cornerstone or Smith. The Court should deny the City's Motion and reject any related finding that only Cornerstone and/or Smith created the nuisance or prevented the City from addressing conditions on property that the City owned. Cornerstone Defendants join Plaintiffs' opposition (Dkt. 446) and proposed findings (Dkt. 447) and focus this Response on the arguments in Sections C.3 and C.4 of the City's Motion—Brownfield immunity under Ind. Code § 34-13-3-3(a)(22) and acts-of-another immunity under Ind. Code § 34-13-3-3(a)(10). Cornerstone Defendants oppose the City's Motion to the extent that it would result in an improper shift of the City's allocated share of fault onto Cornerstone Defendants, directly or indirectly.

## I. Brownfield Immunity Under Ind. Code § 34-13-3-3(a)(22) Does Not Apply

Indiana Code § 34-13-3-3(a)(22) immunizes an "act taken to investigate or remediate" hazardous substances or pollutants associated with a brownfield; it does not immunize a landowner's subsequent failure to address a known hazard on property it owns. This Court has

already held that “a claim premised on inaction is not barred” by subsection (a)(22) and that keeping one’s property safe is not an act to investigate or remediate a brownfield. (Dkt. 304, pp. 39–40). The City took title to 310 and 358 N.W. F Street in March 2021 for the stated purpose of “remediation and demolition.” (Tr. Vol. 2, p. 371:18–24). After title transferred, the City visited the properties once for an assessment on July 9, 2021, but never returned to investigate or remediate. (Tr. Vol. 5, pp. 961–62). The City submitted its Brownfield closure in December 2022 without completing a full assessment and without any further investigation or remediation of the plastics hazard. (Tr. Vol. 2, pp. 346:17–25; Tr. Vol. 4, pp. 777–78, 859). Grant funds could not be used to remove the plastics, and the City had zero budget allocated for that purpose. (Tr. Vol. 2, p. 390:7–12). This Court observed at trial that the City “apparently took no further action to remediate the known fire hazard and nuisance” after its attorney became involved and that the evidence was legally sufficient for a jury to find that reasonable persons would have done more to remediate. (Tr. Vol. 3, pp. 575:24–576:8).

The City’s assertion that its Brownfield process “compelled Smith to remove millions of tons” is contrary to the record. (Dkt. 444, p. 10). Smith testified that he was willing to work with the City, that he was actively removing millions of pounds of plastic, and that the City would not talk with him or attempt to partner on remediation. (Tr. Vol. 5, pp. 962–64). He learned of the City’s ownership only by searching property records. (Tr. Vol. 4, p. 900:18–25). The City’s own witnesses confirmed there was no remediation plan, no formal cost analysis and no assessment of alternatives such as creating lanes or firebreaks. (Tr. Vol. 3, pp. 590–91, 598–99; Tr. Vol. 4, p. 859). Neither the act of taking title nor the absence of action after taking title is an “act taken to investigate or remediate” within the meaning of subsection (a)(22).

Brownfield status does not establish who created the nuisance adjudicated at trial. The record included evidence that environmental conditions existed at 310 and 358 before Cornerstone used those properties. Ronald Cross indicated that the properties might have been environmentally suspect at the time that My-Way Trading attempted to purchase the property from the County in approximately 2012, and Smith testified about the presence of hazardous materials remaining from the former industrial operation at the 310 and 358 properties. (Tr. Vol. 4, pp. 870–72, 903–04). The City may dispute the significance of that evidence, but the Court should not resolve its immunity defense by finding that every relevant condition was created by Cornerstone or Smith. The City's Motion should be denied because it relies on findings that the City's only involvement was through a protected Brownfield investigation or that Cornerstone and Smith created all conditions relevant to the nuisance verdict.

## II. Acts-of-Another Immunity Under Ind. Code § 34-13-3-3(a)(10) Does Not Apply

Indiana Code § 34-13-3-3(a)(10) immunizes a governmental entity for a loss resulting from the "act or omission of anyone other than the governmental entity or the governmental entity's employee." This Court denied immunity under subsection (a)(10) at trial. (Tr. Vol. 5, pp. 962–66). The City's argument rests on the premise that Smith controlled the 310/358 properties and that his alleged threats prevented City access. The trial record and this Court's findings contradict that premise. This Court expressly found: "There is no evidence that Mr. Smith was paying the City to lease the property, he was not a tenant, or even that Mr. Smith had permission to be on the property. Thus, there is no evidence that the City transferred its ownership and control of 358 or 310 properties or intended to transfer control to Smith." (Tr. Vol. 3, p. 575:18–25). Smith paid no rent or property taxes on the City-owned parcels and had no written lease. (Tr. Vol. 3, pp. 660–62).

Beth Fields testified that the City had "very limited access" and that she did not try to take a police officer with her to the City's own property. (Tr. Vol. 2, p. 346:1–8). A.J. Sickmann confirmed that police could have accompanied City representatives if requested. (Tr. Vol. 4, p. 853:14–19). Smith denied threatening City employees with a weapon and testified that he asked visitors to identify themselves and use personal protective equipment so he could keep his employees away from them. (Tr. Vol. 4, p. 900:7–17). The City knew the nuisance remained, took title for the purpose of remediation and demolition and could have worked with Smith to remedy it. Smith testified he was willing to work with the City and was actively removing material; the City would not talk with him or attempt to help. (Tr. Vol. 5, pp. 962–64). This Court accordingly found that the City's unsupported assertion that it could not stop the nuisance was insufficient without determining whether remediation was possible or attempting to work with Smith. (Tr. Vol. 5, p. 963).

The parties stipulated that Cornerstone owned the plastic materials stored on the properties. (Tr. Vol. 3, p. 511:14–18). Cornerstone's ownership of the plastic materials does not convert the City's independent failure, as landowner, to address a known fire hazard on property it owned into the "act or omission of anyone other than the governmental entity." The City was "fully aware of the accumulation of plastics and the fire hazard on the properties that it owned," and its failure to remediate contributed in part to the large-scale fire and the Plaintiffs' evacuation. (Tr. Vol. 3, p. 576:13–20). Subsection (a)(10) does not immunize that independent omission.

The jury was instructed to evaluate each Defendant separately and to allocate fault only after determining whether Cornerstone, Smith or the City was at fault. (Tr. Vol. 5, pp. 1027–30, 1033). The jury found all three Defendants liable and assigned the largest share of negligence

fault and nuisance damages to the City. (Tr. Vol. 5, pp. 1039–41). The City's proposed finding that Cornerstone and Smith alone created the nuisance cannot be reconciled with that allocation.

## III. Conclusion

Defendants, Cornerstone Trading Group, LLC and Seth Smith, by counsel, respectfully request the Court to deny the City's Post-Trial Motion for Rule 52(a)(1) Findings and Conclusions on the City's Immunity Defenses and reject any proposed finding that:

1. Cornerstone and/or Smith alone created the nuisance;
2. Cornerstone and/or Smith exclusively controlled 310 and 358 NW F Street Properties;
3. Cornerstone and/or Smith prevented the City from obtaining access to or addressing its properties;
4. the City's only involvement with the properties consisted of protected Brownfield activities; or
5. the City's alleged liability arose solely from the conduct of Cornerstone and/or Smith.

Respectfully submitted,

*/s/ Arie J. Lipinski*

Arie J. Lipinski
Attorney No. 30739-64
951 N. Delaware St.
Indianapolis, Indiana 46202-3377
Telephone: (317) 605-9223
Fax: (317) 534-3594
Email: lipinski@lipinski-law.com

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record via email:

John A. Smalley
Alex Mann
DYER, GAROFALO, MANN & SCHULTZ
131 N Ludlow St, Ste 1400
Dayton, OH 45402
jsmalley@dgmslaw.com
amann@dgmslaw.com
***Attorneys for Plaintiffs***

Seth M. Thomas
Andrew M. McNeil
Bradley R. Sugarman
Jackson L. Schroeder
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Ste 2700
Indianapolis, IN 46204
sthomas@boselaw.com
amcneil@boselaw.com
bsugarman@boselaw.com
jschroeder@boselaw.com
***Attorneys for City of Richmond, Indiana***

*/s/ Arie J. Lipinski*
Arie J. Lipinski

LIPINSKI LAW
951 N Delaware St.
Indianapolis, Indiana 46202-3377
Telephone: (317) 605-9223
Fax: (317) 534-3594
Email: lipinski@lipinski-law.com