UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TUSHAWN CRAIG and MARQUETTA STOKES, individually and on behalf of others similarly situated, | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | Cause No. 1:23-cv-01575-TWP-MJD |
| CORNERSTONE TRADING GROUP, LLC, SETH SMITH, an individual, and CITY OF RICHMOND, INDIANA, | ) | |
| *Defendants* | ) | |

**DEFENDANT CITY OF RICHMOND, INDIANA'S RENEWED MOTION TO DECERTIFY THE PLAINTIFFS' CLASS**

The Defendant, the City of Richmond, Indiana (hereinafter, the "**City**"), by counsel and pursuant to Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure, to file this *Renewed Motion to Decertify the Plaintiffs' Class*. The City respectfully requests that this Court enter an order decertifying this action from class treatment, expressly limiting any final judgment in this case to the named plaintiffs, Mr. Tushawn Craig and Ms. Marquetta Stokes (hereinafter, collectively the "**Plaintiffs**"). The City has filed contemporaneously with this motion a brief in support of the Renewed Motion to Decertify.

The proponent of class certification under Rule 23 bears the burden of demonstrating, by a preponderance of the evidence, the appropriateness of class treatment. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). This burden is not excused once satisfied at a single point in time but rather persists for the entire litigation. Fed. R. Civ. P. 23(c)(1)(C), *Mazzei v. Money Store*, 829 F.3d 260, 270 (7th Cir. 2016) ("In opposing [a] decertification motion, [proponent] retained the burden to demonstrate that these requirements were satisfied"). As such,

class treatment may be rescinded, amended, or altered if, at any time prior to final judgment, it is determined that the proponent's class, as prior certified, is no longer appropriate. *Id*. This is true even if a jury verdict has already been returned. *Id*. at 269.

The proponent must continuously demonstrate the appropriateness of their class with evidence meeting each requirement of Rule 23(a)—respectively, numerosity, commonality, typicality, and adequacy, *see* Fed. R. Civ. P. 23(a)(1)–(5)—as well as at least one subsection of Rule 23(b). *Mazzei*, 829 F.3d at 270. Normally, the appropriateness of class treatment is assessed in regard to the case as a whole, such that certifying a conventional damages class under Rule 23(b)(3) requires a determination that, *inter alia*, "common questions predominated as to the entire cause of action." *Jacks v. DirectSat USA, LLC*, 118 F.4th 888, 898 (7th Cir. 2024).

In this case, Plaintiffs' class certification motions and briefs have cited to Rule 23 caselaw which incorporated "issue certification" under Rule 23(c)(4). Plaintiffs have pointed the Court to Seventh Circuit caselaw allowing for class treatment on "particular issues" in a case under Rule 23(c)(4) even when the case as a whole does not meet the predominance requirements for class treatment. *Id*. at 897; *see In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 226 (2d Cir. 2006) ("[A] court may employ Rule 23(c)(4) when it is the only way that a litigation retains its class character, i.e., when common questions predominate only as to the 'particular issues'"). However, issue certification under Rule 23(c)(4) is not merely a work-around to a lack of predominance under Rule 23(b)(3), it comes with its own set of specific requirements which Plaintiffs failed to follow in the trial of this matter.

Trial for this case began on September 14, 2026. Dkt. 421. The Plaintiffs called seven (7) witnesses at trial: Mr. Jeffrey Gabbard, Deputy Fire Marshal, State of Indiana; Mr. Timothy Brown, Chief, Richmond Fire Department; Mr. Aaron Jordan, former Building Commissioner,

City of Richmond; Mr. Douglas Gardner, Deputy Chief of Fire Prevention, Richmond Fire Department; Ms. Beth Fields, Director of Strategic Initiatives, City of Richmond; Ms. Marquetta Stokes, the Plaintiff; and Mr. Tushawn Craig, the Plaintiff. Trial Tr., vol. 1, 65:18, 120:6, *Id*. at vol. 2, 210:18, 260:5, 327:14, 413:17, *Id*. at vol. 3, 473:23. Although Ms. Stokes and Mr. Craig each testified to their own personal experiences during the Fire and Evacuation Order, at no point during direct examination of any of their witnesses did the Plaintiffs' counsel introduce evidence about the Defendants' class- or subclass-wide liability, nor the class- or subclass-wide impact of the Fire and/or Evacuation Order. *See Id*. at vol. 1, 65:18–90:8, 120:6–146:6, *Id*. at vol. 2, 210:18–229:15, 260:5–286:18, 327:14–359:11, 413:17–437:19, *Id*. at vol. 3, 473:23–498:6.

The jury was presented with verdict forms (hereinafter, the "***Jury Verdict Forms***"), in which they recorded their finding that all three Defendants were liable to Ms. Stokes and Mr. Craig for negligence and nuisance. Ct. Verdict Forms at 2–5; *see Id*. at 1 (identifying "the Plaintiffs" as "Tushawn Craig and Marquetta Stokes"). Nowhere in the *Jury Verdict Forms* was any Defendant assigned any specific liability for the occurrence of the Fire generally, nor for any damages allegedly suffered by the other, non-named members of the Plaintiffs' class or subclasses. *See Id*. at 1–5. In fact, the *Jury Verdict Forms* did not provide any special verdict as to class issues, nor did they use the word "class" at all. *See Id*. Because the jury's verdict form "does not suffice to establish … liability to the entire class [or subclasses]" Plaintiffs' class action impugns the Reexamination Clause and must be decertified. *In re Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) ("the judge must not divide issues … in such a way that the same issue is reexamined"); *Blyden v. Mancus*i, 186 F.3d 252, 266-69 (2d Cir. 1999), *see* 2 *Newberg and Rubenstein on Class Actions* § 4:91 (6th ed.). Because Plaintiffs failed to submit any special verdict forms, the case was only submitted to the jury on the individual claims of Plaintiffs Tushawn Craig

and Marquetta Stokes and the class must be decertified. *See Blyden*, 186 F.3d at 265 (verdict forms were insufficient to foreclose class-wide liability despite jury being instructed that the case "was a class action and that the named plaintiffs represent [their entire class]"). No subsequent finder-of-fact examining the *Jury Verdict Forms* is able to unambiguously determine any class- or subclass-wide ruling from its contents, except by impermissibly "extrapolat[ing] from [member-specific] findings[.]" *Marlo v. United Parcel Serv., Inc.*, 251 F.R.D. 476, 485 (C.D. Cal. 2008), *aff'd*, 639 F.3d 942 (9th Cir. 2011). The Court must therefore immediately decertify the Plaintiffs' class.

For the foregoing reasons, the City respectfully requests that the Court decertify the class under Rule 23(c)(1)(C) and limit the effect and applicability of the September 18, 2026, jury verdict to the named Plaintiffs, Mr. Tushawn Craig and Ms. Marquetta Stokes, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/Seth M. Thomas*__________________

Andrew M. McNeil (No. 19140-49)
Bradley R. Sugarman (No. 22152-49)
Seth M. Thomas (No. 25834-49)
Jackson L. Schroeder (No. 35355-49)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
amcneil@boselaw.com
bsugarman@boselaw.com
sthomas@boselaw.com
jschroeder@boselaw.com

*Counsel for Defendant City of Richmond, Indiana*

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record via email.

John A. Smalley
Benjamin D. Felton
Alexander H. Mann
DYER, GAROFALO, MANN & SCHULTZ
131 North Ludlow Street, Suite 1400
Dayton, OH 45402
jsmalley@dgmslaw.com
bfelton@dgmslaw.com
amann@dgmslaw.com

*Attorneys for Plaintiffs*

Arie J. Lipinski
LIPINSKI LAW
951 N Delaware Street
Indianapolis, IN 46202
lipinski@lipinski-law.com

*Attorney for Seth Smith, Cornerstone Trading Group, LLC, and My-Way Trading, Inc.*

*/s/Seth M. Thomas*________
Seth M. Thomas